(49 Misc. Rep. 117)

### ROSENFELD v. SILVER.

(Supreme Court, Appellate Term. December 21, 1905.)

**1.** LANDLORD AND TENANT—AGREEMENT FOR LEASE—DEPOSIT AS SECURITY.

Where an instrument acknowledges the receipt of $100 deposit on a house proposed to be leased to the depositor, the security to be $600, and a lease is executed in accordance with the terms of the agreement, under which the lessee deposits $600 as security for the performance of its terms, the $100 was security for the execution of the lease, and on that event the depositor is entitled to recover it.

**2. SAME.**

Where a sum is deposited as security for the execution of a lease, the person receiving it is not entitled to retain it, on failure of the depositor to execute the lease, in the absence of a showing of actual damage resulting from such failure.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Mary Rosenfeld against Max Silver. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Abraham H. Solotanoff, for appellant.

J. Leo Brandmarker, for respondent.

MacLEAN, J. Upon oral pleadings, the plaintiff complained for the return of a deposit, and the defendant answered with a general denial and a demand for particulars. At the trial the plaintiff introduced the following receipt:

Nov. 16, 1904.

"Received for Mary Rosenfeld gaved a deposit of $100.00/100 One hundred dollars on house No 10 Cannon St. The outside and inside belongs to the leaser, including the sidewalk. Security is $600.00/100 Six hundred Dollar. Yearly rent $3250.00/100. Thirty two fifty Dollars. If the house gets sold the leaser gets $100. To lease for three years and apart of commission.

"Mary Rosenfeld promise to make the lease on the 17th of November at night from six to nine o'clock.

"Paymint monthy rent on the 10 and the 15 day of the month.
"Max Silver."

By fair interpretation the deposit was given as security for the execution of a lease by the plaintiff, though its purpose was not expressly stated in the receipt. It was clearly not as security for rent under the lease, for a lease introduced in evidence by the defendant, between himself and Annie Silver of the first part, and Morris Gilman of the second part, recites that:

"The tenant herein deposits the sum of six hundred ($600) dollars for the faithful performance of all the terms, covenants and conditions on the part of the tenant to be performed."

Even if the determination of the trial justice be held to be, upon the evidence, a determination as fact that the lease as executed by Gilman, mentioned as the son of the plaintiff, was the lease of the plaintiff, still the defendant was not entitled to retain the deposit of the plaintiff, for it was not apparently given for such a purpose. If the right to retain be founded upon plaintiff's refusal to fulfill her agreement, we may say, as was said by this court in Weinberg v. Greenberger, 47 Misc. Rep. 117, 118, 93 N. Y. Supp. 530, 532:

"There is nothing in the receipt to justify a finding that the deposit was given as a penalty, or as liquidated damages in case of a refusal. It was therefore a deposit as security for actual damage, if any, suffered by the defendant by reason of plaintiff's default. No such damage was pleaded or shown."

The judgment must therefore be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.