ADDIEG et al. v. TULL.

(Circuit Court of Appeals, Second Circuit. April 17, 1911.)

No. 149.

**1.** LANDLORD AND TENANT (§ 22*)—AGREEMENT FOR LEASE—VALIDITY.

Plaintiffs occupied premises owned by defendant under a written lease for 21 years, to secure performance of which on their part they had deposited with defendant $2,500. The premises were injured by fire to such an extent as terminated the lease under its terms and entitled plaintiffs to a return of their deposit and a portion of the rent paid in advance. Afterward defendant made a written proposal, accepted by plaintiffs, that in case he rebuilt he would give them a new lease for 21 years on the same terms as the old, the deposit to remain in his hands "as an earnest of this agreement." *Held*, that such agreement was complete by reference to the terms of the prior lease, possessed mutuality, and was based on a valid consideration, and bound plaintiffs in case defendant rebuilt within a reasonable time.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 22.*]

**2.** LANDLORD AND TENANT (§ 184*) — AGREEMENT FOR LEASE — DEPOSIT BY LESSEE.

The deposit having been held by defendant under the old lease on condition that, in case of any breach of its terms by plaintiffs, he was authorized to apply so much thereof as might "be necessary to liquidate the damage or damages arising therefrom," was retained by him, not as rent due under the new agreement, nor as payment for an option, but merely as security for any damage which he might sustain by reason of the breach of such agreement; and where the agreement was repudiated by plaintiffs, after notice by defendant that he would rebuild, he was entitled to hold only so much thereof as would cover his actual damages proved.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 184.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action at law by Frank Addieg and others against Samuel P. Tull. Judgment for plaintiffs for part of their claim, and they bring error. Reversed.

Writ of error to review a judgment of the Circuit Court, Southern District of New York, entered upon the verdict of a jury in favor of the plaintiffs in error who were plaintiffs below.† The plaintiffs have brought this writ of error because only one of the two items of their demand as stated in the complaint was allowed.

The following facts were conceded upon the trial: On and prior to March 9, 1908, the plaintiffs occupied as tenants certain premises in the city of New York belonging to the defendant under a written lease for 21 years from February 1, 1907, and in accordance with the provisions of said lease had deposited with the defendant the sum of $2,500 in cash as a guaranty for the faithful performance of the terms of said lease. On said March 9, 1908, a fire occurred in the building on said premises, which, under the provisions of said lease, amounted to a total loss, so that the lease terminated, and the plaintiffs were entitled to the return of said deposit of $2,500, and also of a portion of the rent money which had been paid in advance. On March 25, 1908, after negotiations between the parties with respect to a new lease in case the defendant should rebuild, the defendant wrote the following letter

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† In the following statement and opinion the parties are designated as in the court below.

to the plaintiffs' attorney: "I find that Messrs. Bamberger & Lowenthal wrote you under date of March 20, 1908, that in case I rebuild the property recently burned on Eighteenth street that I would give to Messrs. Haaren, Hencken and Addieg a new lease for 21 years on the same terms as the old lease, in the meantime the deposit held by me under the provisions of the old lease to remain in my hands as an earnest of this agreement. I now confirm what Messrs. Bamberger & Lowenthal wrote. Will you kindly write me direct to 703 Harrison Building, Philadelphia, Pa., that this is your understanding of the matter?"

The following are among the facts which the jury were warranted in finding from the evidence presented, although the testimony was conflicting: The letter or agreement of March 25, 1908, was drawn up and signed in the presence of the parties, and was delivered to the plaintiffs' attorney, Mr. Glass, who expressed his approval of it. After the execution of the agreement, the defendant discussed with the plaintiffs plans for rebuilding the building, and had several interviews with them upon the subject. On June 17, 1908, the defendant informed the plaintiffs that he intended to rebuild, and talked with them about looking over plans. The original plans for the new building were filed July 2, 1908, and the building was subsequently constructed. On July 7, 1908, the plaintiffs' attorney wrote the defendant, closing negotiations, and demanding the return of the $2,500 deposit. On July 8, 1908—but before the receipt of the letter from the plaintiffs' attorney— the defendant wrote to the plaintiffs, insisting that they had agreed to a new lease, and also claiming to hold them upon the old lease.

The verdict of the jury awarded the plaintiffs the balance of the rent paid in advance, which was not earned by reason of the fire—$165.59—but rejected the plaintiffs' demand to recover the deposit of $2,500.

H. H. Glass and Edgar Hirschberg (Frank A. Spencer, Jr., and T. Channon Press, of counsel), for plaintiffs in error.

Horwitz & Wiener (Frederick Wiener, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). [1] The verdict of the jury established that the terms of the letter of March 25, 1908, were accepted and approved by the plaintiffs, and no contention is made that it was not binding because not signed by them. This letter, then, constituted an agreement between the parties, conditioned only upon the rebuilding of the structure by the defendant within a reasonable time. It bound the plaintiffs to take a lease of the new premises upon the terms of the prior lease, if the defendant rebuilt within such time. It bound the defendant, in case he rebuilt, to give the plaintiffs such a lease. It was, in our opinion, a conditional contract, the validity of which was not impaired by the fact that the fulfillment of the condition was dependent upon the act of one of the parties. Furthermore, we think that the agreement, by reference to the terms of the prior lease, was complete, that it possessed mutuality, and that it was upon a valid consideration.

The jury, under the instructions of the court, necessarily found by their verdict, in addition to the fact that the agreement was entered into, that the defendant, within a reasonable time, decided to rebuild, and communicated his intention to the plaintiffs, before receiving notice of their attempted withdrawal, and that the plaintiffs repudiated such agreement, and, consequently, were fully warranted in finding the plaintiffs guilty of breach of contract. Had the proper measure of

damages been applied in the case, we should have no reason for disturbing the judgment.

The agreement on the part of the plaintiffs was an agreement to take a lease, and the measure of damages in an action for the breach of such an agreement is the actual damage sustained—presumably the difference between the rent stipulated in the lease and the sum for which the premises were rented to other parties. But there was no evidence in this case to warrant the jury in finding the damages according to this measure, and the fact that the plaintiffs objected to the materiality of certain testimony tending to prove such damage did not preclude them from insisting that a verdict should be directed upon the ground of failure to prove any damage. Consequently, if the same measure of damages be applicable in this case—both with respect to the defense and counterclaim—as in an action for a breach of an agreement to lease there was error in denying the plaintiffs' motion.

[2] It is our opinion that the same measure of damages is applicable here—in both aspects of the case—as in an action for breach of contract, and that the defendant can retain only so much of the $2,500 deposited as is necessary to compensate him for the actual damages sustained. We think it the better view that the deposit in this case was not a deposit on account of the rent due under the new lease, nor a payment for the purchase of an option.[1] The money had been held under the old lease as security for damages. In case of the breach of any of the terms of such lease, the lessor was authorized to apply so much of said deposit as might "be necessary to liquidate the damage or damages arising therefrom." So that, when the new agreement provided that the deposit under the old lease should remain as "an

[1] As this case relates to real estate in the state of New York, the following decisions by the courts of this state are especially in point:

In Rosenfeld v. Silver, 49 Misc. Rep. 117, 96 N. Y. Supp. 1027, it was held: "Where the receipt, given by defendant to plaintiff for a deposit at the time of making an agreement to lease, did not specify for what purpose it was made, but, upon a fair interpretation, the deposit was to secure the execution of a lease by plaintiff, it is a security for the actual damage, if any, suffered by the defendant by reason of plaintiff's refusal to take the lease; and, where no such damage is pleaded or shown, plaintiff is entitled to a return of the deposit."

In Weinberg v. Greenberger, 47 Misc. Rep. 117, 93 N. Y. Supp. 530, it was held: "Where the receipt given by the defendants to plaintiff for the amount of a deposit, at the time of the making of an agreement to lease a tenement house, did not specify for what purpose it was made, but upon the most favorable view for the defendants it was to secure plaintiff's fulfillment of his agreement to take the lease, and not as a penalty or liquidated damages, defendants are not authorized to retain the deposit merely because of plaintiff's refusal to take the lease; and, no actual damage having been pleaded or shown, it would be assumed that none was suffered, and upon the facts the plaintiff is entitled to a return of the deposit."

The case of Abramowitz v. Gray, 50 Misc. Rep. 638, 98 N. Y. Supp. 1096, referred to by the defendant, is not in point, because in that case the money in question was not deposited at all as security, but was paid on account of the purchase price of certain land. The same is true with respect to the cases of Havens v. Patterson, 43 N. Y. 218, and Lawrence v. Miller, 86 N. Y. 131, where vendees of land had made payments on account of the purchase price, and, although defaulting, sued to recover them.

earnest of this agreement," we think that it meant that it should be
held by the defendant as security for any damage which he might sus-
tain by reason of the breach of such agreement. This interpretation
makes good to the defendant his actual loss. To give him more penal-
izes the plaintiffs, and a forfeiture either by way of the penalty or
liquidated damages should only be inflicted when the language clearly
requires it.

For these reasons, we think that there was error in the action of
the trial court, and the judgment must be reversed.