## GARDINER, TRUSTEE OF THE PERRY REAL ESTATE TRUST, *v.* WILLIAM S. BUTLER & COMPANY, INCORPORATED, ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 95.  Argued December 18, 1917.—Decided February 4, 1918.

Following *Filene's Sons Co. v. Weed, ante*, 597, *held*, that, in a nonstatutory receivership proceeding brought to preserve the good will and pay the debts of a company occupying premises as lessee, the lessor, which reëntered during the receivership, had a proper claim for rent up to reëntry, and for damages based on the lessee's covenant to pay the difference between the rental value at time of reentry and the rent and other payments reserved for the residue of the term.

In Massachusetts, in the absence of statute or express contract, a lessor who has terminated a lease and evicted the tenant has no further claim against the lessee—hence none against the lessee's receivers in proceedings in equity to continue the lessee's business to pay its debts.

230 Fed. Rep. 1021, reversed in part and affirmed in part.

THE case is stated in the opinion.

*Mr. Alexander Whiteside*, with whom *Mr. Bentley W. Warren* and *Mr. Howard Stockton, Jr.*, were on the brief, for petitioner.

*Mr. Frederick H. Nash*, with whom *Mr. Charles F. Choate, Jr.*, was on the brief, for respondents.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case comes here upon the report of a master asking the court to decide whether two claims are provable. The first is upon a lease made by the petitioner to William. S. Butler & Company. Receivers were appointed for the William S. Butler & Company corporation on November 7, 1912. At that time the winding up of the company was not contemplated by the bill or decree, but the object was to preserve the good will and pay the debts. On October 1, 1913, the petitioner entered, and on December 1, 1913, presented his proof of claims. The lease contained a clause similar to that in the lease of Wm. Filene's Sons Company, just considered, *ante*, 597, providing that in case of reëntry the lessee should pay to the lessor the difference between the rental value and the rent and other payments required for the residue of the term. The claim was for rent up to the time of reëntry and for damages for the later period. It was rejected by the courts below upon the same grounds as in the former case. 230 Fed. Rep. 1021; 144 C. C. A. 663. This decision, like the other, must be reversed.

The second claim is upon a lease by Russell to the same company of which Gardiner had purchased the reversion. In substance it is for damages similar to those held allowable under the former lease, but simply on the ground that the petitioner has lost the benefit of his bargain from the time of his reëntry, the lease not containing any clause stipulating for such an allowance. Of course there are plausible analogies for the contention. But the law as to leases is not a matter of logic *in vacuo;* it is a matter of history that has not forgotten Lord Coke. Massachusetts has followed the English tradition and we believe that it is the general understanding in that State that in the absence of statute or express contract a lessor who has terminated a lease and evicted the tenant has no further claim against the lessee. *Sutton* v. *Goodman,* 194 Massachusetts, 389, 395. *Central Trust Co.* v. *Chicago Auditorium Association,* 240 U. S. 581, 590. Upon this claim the decree below is affirmed.

*Decree reversed.*

MR. JUSTICE BRANDEIS took no part in the decision of this case.