## WELLS v. TWENTY–FIRST STREET REALTY CO.

(Circuit Court of Appeals, Sixth Circuit. April 7, 1926.)

No. 4380.

Bankruptcy ⏂318(4)—In Ohio, claim for damages for anticipatory breach of lease of real estate is not provable in bankruptcy (Bankruptcy Act, §§ 63a4, 63b; Comp. St. § 9647).

In Ohio common law rule obtains, in reference to claim for damages for anticipatory breach of lease of real estate, liquidated in accordance with Bankruptcy Act, § 63b, and claim is not provable in bankruptcy, under section 63a4 (Comp. St. § 9647).

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Bankruptcy proceeding, wherein Hugh Wells was appointed trustee. From a decree of the District Court, overruling exceptions to a report of the special master allowing claim of the Twenty-First Street Realty Company, the trustee appeals. Reversed and remanded.

This is an appeal from an order of the District Court in a bankruptcy proceeding, overruling the exceptions to the report of a special master upon a claim presented by the Twenty-First Street Realty Company, appellee, against the bankrupt for damages for breach of contract. The Twenty-First Street Realty Company was lessor and the bankrupt was lessee of certain real estate, under a written lease which had several years yet to run after the time of filing the involuntary petition in bankruptcy. The trustee elected not to assume the lease, and the appellee filed a claim as a general creditor for damages for the bankrupt's anticipatory breach of its covenant to pay rent for leased property subsequent to bankruptcy, which claim was allowed by the special master. The District Court overruled the exceptions to this finding and directed that the claim of the appellee be allowed. It is conceded by the trustee that the damages to the lessor, if its claim is to be allowed, is as found by the master and approved by the District Court. The only question presented by this appeal is whether this claim for damages for breach of the lease contract, liquidated in accordance with the provision of section 63b of the Bankruptcy Act (Comp. St. § 9647), may be proved and allowed against estate.

Thos F. Veach, of Cleveland, Ohio (Chas. I. Russo, of Cleveland, Ohio, on the brief), for appellant.

A. J. Schanfarber, of Cleveland, Ohio (Ulmer & Berne and J. Albert Lowell, all of Cleveland, Ohio, on the brief), for appellee.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). The Supreme Court held in Chicago Auditorium Assn. v. Central Trust Co., Trustee, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580, that a claim for damages for breach of an executory contract for baggage and livery privileges is provable in bankruptcy under the provisions of section 63a4 of the Bankruptcy Act; that damages may be liquidated under section 63b of that act; and that bankruptcy is the equivalent of disablement and repudiation. It is contended upon the part of the appellant that a different rule applies to a contract relating to realty, and that this was recognized by the Supreme Court in the Chicago Auditorium Case above cited. This question was not presented in that case, nevertheless the Supreme Court, in discussing the cases cited involving questions arising out of the relation of landlord and tenant, declared that those cases are distinguishable because of the "diversity between duties which touch the realty, and the mere personalty," citing Co. Litt. 292b, § 513.

The Supreme Court also recognized this distinction in Filene's Sons Co. v. Weed et al., 245 U. S. 597, 601, 38 S. Ct. 211, 62 L. Ed. 497, and in the companion case of Gardiner v. William S. Butler & Co., 245 U. S. 603, 605, 38 S. Ct. 214, 62 L. Ed. 505. Both of these cases, however, arose under the laws of Massachusetts, which state "has followed the English tradition." In states where the English common law is in force there is, no doubt, a basis for distinction, notwithstanding the analogies between contracts relating to personalty and contracts relating to realty. It is said by the Supreme Court in Gardiner v. William S. Butler & Co., supra: "But the law as to leases is not a matter of logic in vacuo; it is a matter of history that has not forgotten Lord Coke." It follows that if the common law in relation to leases obtains in Ohio, then because of the "diversity between duties which touch the realty, and the mere personalty" as stated in the Auditorium Case, the rule announced in that case can have no application to a

claim for damages for the anticipatory breach of a lease contract.

On January 2, 1806 (4 Ohio Laws, p. 38), the General Assembly of the state of Ohio repealed a prior statute adopting the common law of England and all statutes of the British Parliament in aid thereof. While it is true that the repeal of this statute did not wholly exclude the English common law, yet since the repealing statute of January 2, 1806, it has been held to have no force in Ohio derived from legislative action, but that the courts of that state have adopted its principles as rules of decision so far only as "they are adapted to our circumstances, state of society, form of government, and genius of our institutions." Lessee of Lindsley v. Coats, 1 Ohio, 243; Cleveland, C. & C. Railroad Co. v. Keary, 3 Ohio St. 202; Sergeant v. Steinberger, 2 Ohio, 305, 15 Am. Dec. 553; Kerwhaker v. C., C. & C. R. Co., 3 Ohio St. 172, 178, 62 Am. Dec. 246; Carpenter v. Denoon, 29 Ohio St. 379, 398; Worthington v. Hewes & McCann, 19 Ohio St. 66, 75.

How far the courts of Ohio have adopted the common law of England in reference to leases and leasehold estates is, perhaps, not free from doubt. It is certain, however, that Ohio has rejected many doctrines of the common law relating thereto, and has substituted therefor rules more in harmony with modern ideas. Carpenter v. Denoon, supra; Gladwell v. Holcomb, 60 Ohio St. 427, 434, 54 N. E. 473, 71 Am. St. Rep. 724; Wilder v. McDonald, 63 Ohio St. 383, 396, 59 N. E. 106; Ohio v. C. & P. R. Co., 94 Ohio St. 61, 69, 70, 113 N. E. 677, L. R. A. 1917A, 1007; Worthington v. Hewes & McCann, supra. In Taylor v. De Bus et al., 31 Ohio St. 468, Worthington v. Hewes & McCann is criticized, but not in terms overruled. It is also said in the opinion that in the absence of statute "the common law continues to furnish the only rules for the guidance of courts in determining the rights of parties in relation to leasehold estates." And see Carroll v. Olmsted, 16 Ohio at pages 259, 260, and Drake v. Rogers, 13 Ohio St. 21, 29.

The rule, announced in Taylor v. De Bus, supra, however, was not followed by the Supreme Court of Ohio in Gladwell v. Holcomb, supra, Wilder v. McDonald, supra, and Ohio v. C. & P. R. Co., supra, for in each of these cases certain principles of the common law relating to leases and leasehold estates not abrogated by statute were rejected by the court, although neither of these cases involved the question of the right to recover damages for anticipatory breach of agreement to pay rent for premises surrendered to or recovered by the lessor and what is said relating to that subject in Gladwell v. Holcomb was not strictly necessary to the decision.

If these cases were the latest pronouncement of the Ohio court, we would, perhaps, feel constrained to hold that the principles of the common law in relation to leases, even where not abrogated by statute, does not apply as a matter of course in Ohio, but only in so far as the courts of that state consider these principles suitable to the circumstances, state of society, and form of government; but in Rawson v. Brown, 104 Ohio St. 537, 542, 136 N. E. 209, the Supreme Court of Ohio has not only cited with approval Taylor v. De Bus, supra, but has also quoted that part of the opinion in which it is declared that, except where abrogated by statute, the common law continues to furnish the only rules for the guidance of courts in determining the rights of parties in relation to leasehold estates.

In the same case the court in speaking of the right of partition between heirs and devisees of a lessor entitled to the rents accruing under a lease for 99 years, renewable forever, it was said (at page 547 [136 N. E. 212]) : "The whole case is determined when it is seen that the tenant holds for the lessor, that the possession of the former is the possession of the latter, and that the Ohio statutes concerning permanent leases renewable forever do not alter that relationship."

This is the latest Ohio case upon this subject that has been called to our attention, and, the question being one peculiarly for the Ohio courts to decide, we must accept this latest statement as final. The law seems to be well settled that, in states where the common law obtains, a claim for damages for an anticipatory breach of a lease for real estate is not provable in bankruptcy.

The decree of the District Court is reversed, and cause remanded for further proceedings in accordance with this opinion.