## In re SERVICE APPLIANCE CO., Inc.
### No. 14242.

District Court, N. D. New York.

Oct. 13, 1930.

Cravath, De Gersdorff, Swaine & Wood, of New York City (Jesse C. Millard, of New York City, of counsel), for trustee.

Kellogg, Cande & Myers, of Pittsfield, Mass., for claimant.

COOPER, District Judge.

Claimant Wood again seeks review of the decision of the referee rejecting his claim.

When this court previously considered this case [39 F.(2d) 632], and decided that the referee was right in rejecting the claim of appellant, it directed that the claimant should have opportunity to present proof before the referee of the relative time of the vacating of the leased premises, the execution of the writ of attachment, and the filing of the involuntary petition in bankruptcy, which formerly rested on assertion rather than on proof, and also proof of the reletting, if any.

This proof has now been presented, the referee has again rejected the claim, and the case is here again on review of the referee's decision.

It now appears by undisputed evidence that on July 12, 1928, the bankrupt lessee notified claimant of its intention to vacate the leased premises; that shortly thereafter the claimant lessor refused to accept the surrender of the premises; that on July 24, 1928, about noon, the bankrupt had removed nearly all of its goods from the leased premises and would undoubtedly have speedily removed the remainder, had not the sheriff seized the bankrupt's goods under an attachment based on a claim of $5,000 for breach of the lease; that the sheriff deposited all of the bankrupt's goods in the leased premises and took the key; that the goods remained in the leased premises until delivered to the trustee in bankruptcy during January, 1929; that the involuntary petition in bankruptcy was filed on the same July 24, 1928, at 4:30 p. m.; that on March 1, 1930, the premises were relet for the balance of the term at $175 per month. The rent was paid to July 31, 1928.

The claimant now has a record upon which he may have his rights fairly determined upon a further review, if this court is in error in rejecting his claim.

It is reasonably clear that the bankrupt intended to remove wholly from the premises and had removed nearly all of its goods from the leased premises by noon on July 24th and would, but for the execution of the writ of attachment, have removed the remainder shortly thereafter and before 4:30 p. m. The removal may, therefore, be fairly said to have preceded the filing of the involuntary petition in bankruptcy.

The claimant contends that its claim should be upheld because there was an anticipatory breach of the contract prior to the filing of the petition in bankruptcy, and that, even if there were not, the bankruptcy itself was a breach, and that upon either of such breaches he has an unliquidated claim for damages for breach of the lease, which is provable in bankruptcy. This contention is based chiefly upon the case of Central Trust Company of Illinois v. Chicago Auditorium Association, 240 U. S. 581, 592, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580.

In the former review of this case reported in 39 F.(2d) 632, this court pointed out that in the Chicago Auditorium Case itself it was said that the general doctrine of that case did not have application to claims for damages for breach of a lease contract.

Upon this review no authorities have been cited by claimant to change this court's opinion.

The authorities generally hold that there is no provable claim in bankruptcy for breach of a lease contract whether in the form of future rent coming due or in the form of damages for a breach of the lease. This is especially so in states following the common law. Wells v. 21st St. Realty Company (C. C. A. 6) 12 F.(2d) 237. This case is a reversal of the case of In re Bissinger (D. C.) 5 F.(2d) 106, referred to in the former opinion in this case.

Other cases supporting the holding of the referee herein are found in the former opinion and in Wells v. 21st Street Realty Company, supra.

Massachusetts follows the common law in respect to the liabilities of landlord and tenant. Gardiner v. Wm. S. Butler & Co., 245 U. S. 603, 605, 38 S. Ct. 214, 62 L. Ed. 505. Slocum et al. v. Soliday (C. C. A.) 183 F. 410, and cases cited in the former opinion. See, also, Prescott F. Hall, "The Massachusetts Law of Landlord & Tenant," § 328, p. 424.

The case of In re Mullins Clothing Company (C. C. A. 2) 238 F. 58, arising in Connecticut, seems to support claimant's contention, but the opinion shows that the holding in that case that damages for anticipatory breach of a lease contract were provable was based upon the steps taken by the bankrupt lessee for a dissolution of its corporate entity, self-destruction as it were.

The court, in distinguishing the Mullins Case from the general rule as to claims against insolvent tenants, said it had no analogy to a case of ordinary bankruptcy of an insolvent tenant.

The doctrine of the case of Roth & Appel (C. C. A. 2) 181 F. 667, 31 L. R. A. (N. S.) 270, was approved in the Mullins Case, and the Roth & Appel Case is commended in Slocum v. Soliday, supra.

This court must follow the Massachusetts cases. It should be remembered that this lease contains no covenants relating to bankruptcy or damages for abandonment of premises, nor even for re-entry.

Claimant has no provable debt against the bankrupt's estate in Massachusetts. The decision of the referee must be affirmed. An order may be entered accordingly.

The distribution of the funds shall not take place until at least twenty days after the entry and service of the copy of the order to be entered hereon, so that claimant may take further appeal if he desires to do so.