**In re BLUM BROS. CO.**

**No. 6075.**

District Court, S. D. Ohio, E. D.
Jan. 26, 1932.

Gordon D. Kinder, of Martins Ferry, Ohio, for trustee.

Watson, Davis & Joseph, of Columbus, Ohio, and Max Isaac and Robert J. Blum, both of New York City, for claimant Hannah Blum.

HOUGH, District Judge.

This case has been submitted to the court upon the trustee's petition for review, in which the validity of the order of the referee is assailed upon three principal grounds, namely: That the referee was without jurisdiction in entering his order; that the claim of Hannah Blum, being for damages for anticipatory breach of a lease of real estate, is not provable in bankruptcy; and that the determination of the referee, that Hannah Blum is entitled to the rights of a surety, and for that reason her claim is provable in bankruptcy, was erroneous.

Hannah Blum, as devisee under the will of her deceased husband, Isaac Blum, succeeded to his rights and interest in certain real estate which Isaac Blum owned and died seized of an undivided one-half interest. Some time prior to the 11th of September, 1923, the partnership of Isaac Blum and Henry Blum incorporated under the name of the Blum Bros. Company, and on the 11th of September, 1923, the brothers leased their real estate, being the property in which their business had been and was conducted, to the corporation, for a period of forty years, at an annual rental. The lease provided that, upon failure of the corporation to perform all the covenants, including the payment of rent in arrears for sixty days, the right obtained to the lessors, upon thirty days' written notice, to enter upon the premises and take immediate possession, and to thereafter avoid the lease, the property thereunder to be forfeited to the lessors as liquidated damages. On the same day the corporation and Isaac and Henry Blum individually, their wives joining, gave a mortgage upon the real estate to the First National Bank of Bellaire, as trustee for bondholders and to secure the payment of a bond issue of $125,000. The corporation thus mortgaged its lease, and Henry and Isaac Blum as individuals mortgaged their fee, as stated in the mortgage instrument, "to guarantee the payment of the bonds and interest as set forth in the agreement, to the extent of their interest in and ownership of the fee simple estate in the * * * premises."

In February of 1928, the corporation was in arrears in its rent payments, and, under the provisions of the lease, notice was given of the intention of the lessors to exercise their right to void the lease, re-enter the premises, and take immediate possession thereof.

The mortgage was given for the purpose of raising funds to construct a new building upon the real estate.

On the 3d day of March, 1928, upon the petition of creditors of the corporation, bankruptcy proceedings were instituted, and in due course adjudication was entered. On

the same day, the trustee mortgagee filed in the state court foreclosure, and in due time that court sold the real estate under the mortgage, offering first the lease for sale, and receiving no bid therefor; the fee was offered and sold for an amount sufficient to pay the bonded indebtedness and costs.

The corporation defaulted in its payment of due principal and interest on the 1st of January, 1928, and was notified in writing of the trustee's intention to mature all bonds under the right granted by the provisions of the mortgage deed of trust.

Hannah Blum, on the 25th of August, 1928, filed claim for $100,000 to cover "loss of one-half interest in the real property mortgaged to secure the debt of the bankrupt." Later she voluntarily reduced the amount of that claim to $60,000. The trustee in bankruptcy filed his written objections to the allowance of the claim, and the referee heard the case upon the evidence and allowed her claim in the amount of $60,000 as a general and unsecured claim against the bankrupt estate.

From such a state of facts arise the questions made by the trustee in his petition to review the referee's order.

■ The first question presented has to do with the jurisdiction of the referee court in hearing and determining the case. This question apparently was not considered to be serious; at least it is not presented in the brief. Neither was it urged in the hearing of the case before the referee. It is to be assumed that, not having been made at the time of hearing, and no application having been made for the presentment of the facts to the jury, the question of jurisdiction in that regard has been waived.

■■ Whether the giving of the notice provided for in the lease would have resulted in an involuntary and compulsory breach of the contract on the part of the corporation need not be considered. The almost immediate status of bankruptcy brought about by creditors of the corporation furnished the anticipatory breach. Central Trust Co. v. Chicago Auditorium, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580. Compare Filene's Sons Co. v. Weed et al., 245 U. S. 597, 601, 38 S. Ct. 211, 62 L. Ed. 497; Gardiner v. Butler & Co., 245 U. S. 603, 605, 38 S. Ct. 214, 62 L. Ed. 505. While a claim for damages for anticipatory breach of a contract relating to personalty is a provable claim in bankruptcy (Trust Co. v. Chicago Auditorium, supra), the same rule

does not extend to leases, where the relationship of landlord and tenant exists. This is recognized in the case just cited, where, in the opinion, on page 590, of 240 U. S., 36 S. Ct. 412, 414, it recognizes the distinction and cites a number of cases to illustrate the distinction. In re Ells (D. C.) 98 F. 967; In re Pennewell (C. C. A.) 119 F. 139; Watson v. Merrill (C. C. A.) 136 F. 359, 69 L. R. A. 719; In re Roth & Appel (C. C. A.) 181 F. 667, 31 L. R. A. (N. S.) 270; Colman Co. v. Withoft (C. C. A.) 195 F. 250. In this jurisdiction and by our own Court of Appeals, having the Central Trust Co. Case before it, the distinction is clearly recognized, wherein it is held in reference to a claim for damages for anticipatory breach of lease of real estate that the claim is not provable in bankruptcy, under Bankr. Act, § 63a (4), 11 USCA § 103 (a) (4). Wells v. Twenty-First Street Realty Co. (C. C. A.) 12 F.(2d) 237. Although the facts in this Wells Case had to do with damages occasioned by breach of the covenant of the lease to pay rent, yet the language of the opinion seems broad enough to include under the rule damages claimed for other reasons, and under a breach of other covenants. The conclusion is reached therefore that, upon the theory of anticipatory breach of the covenants of the lease, the claimant has no claim that is provable under the law in bankruptcy. Being not provable, of course it is not dischargeable. Trust Co. v. Chicago Auditorium, 240 U. S. 581, 593, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580.

■ By the terms of the mortgage instrument, claimant's interest in the real estate was conveyed "to guarantee the payment of the bonds and interest as set forth in the agreement to the extent of their (claimant's and the other one-half) interest and ownership of the fee simple estate in the * * * premises." The debt evidenced by the bonds was that of the corporation, and was one in which the trustee under the mortgage was the creditor for the owners of the bonds. As security for the payment of the debt, the trustee upon the default of January 1, 1928, became seized of the legal title to claimant's interest and the right of possession, with the option to either foreclose against the equity of redemption or acquire possession through ejectment. Bradfield et al. v. Hale et al., 67 Ohio St. 316, 65 N. E. 1008. Claimant's interest had been voluntarily alienated through the mortgage and the right of redemption forever foreclosed through the

proceedings in the state court. Her interest pledged by solemn contract had become extinguished. She had guaranteed the payment of the bonds, and the security which she gave covering her interest was sequestered and sold pursuant to the guaranty. As devisee of the interest in the real estate, she of necessity stands in the relationship of guarantor, and a right of action exists to her and a cause of action has accrued against the principal debtor to recover what she was compelled to pay by the default of the debtor.

It has been decided that a surety is entitled to share in a bankrupt estate, and that the discharge of the bankrupt acquits the obligation between the principal and surety incident to the relationship. Williams v. U. S. Fidelity & Guaranty Co., 236 U. S. 549, 35 S. Ct. 289, 59 L. Ed. 713. And again it has been recently held that the liability of a bankrupt as indorser on a promissory note, even unmatured, is provable as a claim founded upon a contract, express or implied. Maynard v. Elliott, 283 U. S. 273, 51 S. Ct. 390, 75 L. Ed. 1028. The right of the guarantor in this case, so far as can be discerned, should be subjected to the same legal principle as the surety and the indorser in the cases just cited.

It has been urged that the Blum brothers as individuals and the Blum Bros. Company, a corporation, are virtually the same, and that the allowance of this claim will, in effect, make the corporation a creditor of itself. There is no justification for this position. There is no proof in the record to substantiate it. The conclusion drawn is that this claim is subject to be proved and allowed as a debt of the bankrupt, founded upon a contract express or implied, within the provisions of section 63a (4) of the Bankruptcy Act, and, although it was an accrued right and as such unliquidated, under section 63b (11 USCA § 103 (b), it was entitled to be liquidated, and, after liquidation, proved and allowed.

Her claim is predicated upon the value of one-half of the real estate. It is doubted that this is the true measure of damage in relation to her claim. The true measure of damage would seem to be the amount which her interest was called upon to bear under the terms of the guaranty. So far as this case is concerned there is no practical difference, and the result is substantially the same, since her claim has been voluntarily reduced to $60,000. Her interest was called upon to pay for the bankrupt one-half of $119,000 plus costs, which would result in an amount in excess of $60,000.

The method by which the referee liquidated the claim in the absence of any objection on the part of the trustee is not to be criticised. Had timely objection been made, it is probable that the trustee would be entitled to compel the issue of fact to be tried to a jury, either under the Bankruptcy Act itself, or by independent action. It is difficult to see though, in this case, how a jury would be called upon to do anything other than return a substantially directed verdict.

The petition to review may be dismissed, and the order of the referee approved and confirmed.