## BRANHILL REALTY CO., Inc., v. MONTGOMERY WARD & CO.

### No. 320.

Circuit Court of Appeals, Second Circuit.
July 26, 1932.

Bondy & Schloss, of New York City (Charles H. Tuttle, of New York City, of counsel), for appellant.

White & Case, of New York City (David Paine and Orison S. Marden, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The parties to this litigation entered into an agreement for a lease. The agreement bound the plaintiff to erect a building upon a tract of land which it owned in Jamaica, Long Island, and to lease a portion of such building to the defendant upon specified terms; it bound the defendant to take a lease of the premises upon those terms; and each party agreed to execute a formal instrument of lease when the same should be prepared. The complaint alleges the making of the contract, the preparation of a formal lease in accordance with the agreed terms, the plaintiff's execution of it, and the defendant's repudiation of its agreement and refusal to sign the proffered lease. The plaintiff's theory of damages is that the agreement bound the defendant to conduct a chain store upon the premises to be leased, and that it lost the enhancement of real estate values which would have followed upon publication of information that the defendant had taken a lease for this purpose. The complaint alleges that the parties contemplated that, if the defendant should not occupy the premises for a department or chain store, the plaintiff would lose thereby the amount by which its said tract would have increased in value as a result of the defendant's performance of its obligations under the agreement. This amount was alleged to be $750,000; judgment being asked for this sum. During the trial, the plaintiff having conceded that the rental value of the premises was greater than the rental which the defendant had agreed to pay, the court ruled that only nominal damages could be recovered. This ruling and the resultant exclusion of expert testimony designed to show the difference in value of plaintiff's tract of land with and without execution of a lease binding the defendant to occupy the premises for a chain store, raise the only question presented by this appeal.

That the court applied the usual rule of damages in an action for breach by a proposed lessee of an agreement to take a lease is not, and cannot be, denied. See Addieg v. Tull, 187 F. 101, 103 (C. C. A. 2); Dodds v. Hakes, 114 N. Y. 260, 265, 21 N. E. 398; City of New York v. Pike Realty Corp., 247 N. Y. 245, 249, 160 N. E. 359; Greenstine v. Srere, 222 Mich. 25, 192 N. W. 676; 54 A. L. R. 1355, 1359, note. But the plaintiff contends it is entitled to special damages based on lost enhancement of value of its whole tract because such damages were within the contemplation of the parties. In support of this contention, testimony was given that, in the course of the negotiations terminating in the agreement in suit, Allen, who represented the defendant, had emphasized the advantage to the plaintiff of having Montgomery Ward & Co. occupy a part of the property as a tenant because experience in other cities had demonstrated that its establishment of a chain store had always enhanced the fee and rental values of contiguous property—"in his opin-

ion, in most cases about one hundred percent." This was advanced as a reason for fixing a low rental in the proposed lease, which was to cover only part of the plaintiff's frontage. While Loshen, who represented the plaintiff, also testified that he was trying to get a reasonable rental and as much as he possibly could, it may be that such statements of the defendant had some influence in persuading him finally to agree upon the low rental which defendant offered, although he does not expressly say so.

The defendant argues that these preliminary conversations were mere "sales talk"; while the plaintiff maintains that they prove that lost enhancement in value resulting from a breach of the contract by the defendant was a consequence "within the contemplation of the parties," and bring the case within the special damage rule announced in Hadley v. Baxendale, 9 Exch. 341, and similar authorities. See Globe Refining Co. v. Landa Cotton Oil Co., 190 U. S. 540, 544, 23 S. Ct. 754, 47 L. Ed. 1171; Shelley v. Eccles, 283 F. 361 (C. C. A. 8); South Memphis Land Co. v. McLean Hardwood Lumber Co., 179 F. 417 (C. C. A. 6); Stamford Extract Mfg. Co. v. Oakes Mfg. Co., 9 F.(2d) 301, 303 (C. C. A. 2); Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676; Czarnikow-Rionda Co. v. Fed. Sugar Refining Co., 255 N. Y. 33, 41, et seq., 173 N. E. 913; Iowa-Minnesota Land Co. v. Conner, 136 Iowa, 674, 112 N. W. 820; Ironton Land Co. v. Butchart, 73 Minn. 39, 75 N. W. 749. But whether the measure of damages for which the plaintiff contends would be correct if the defendant had absolutely agreed to occupy as a chain store the premises proposed to be leased, we need not now decide. The question is not presented by this record. Although it is true that such was the defendant's purpose while negotiations were in progress, nevertheless the plaintiff did not insist upon incorporating into the agreement a promise by the defendant so to use the premises. On the contrary, the proposed lease contained the following provisions:

"The Lessee expressly covenants: * * *

"To use said premises for commercial purposes, including warehousing, retail merchandising and merchandise display; but the Lessee shall not be limited in its use of said premises to the purposes aforesaid. The Lessee shall not, however, use said premises, nor permit the same to be used, for any unlawful business or purpose whatsoever. * * *

"The parties mutually covenant: * * *

"That the Lessee may assign this lease, or sublet all or any part of the demised premises, but tenant to be satisfactory to Lessor; and provided, however, that the Lessee shall remain liable to the Lessor for the payment of the rent herein reserved and the full performance of the covenants of this lease by such assignee or sub-lessee."

The lease also provided that it embodied the entire agreement of the parties, and no oral promises or written correspondence should vary its provisions.

Under such a lease it cannot be successfully maintained that the lessee was obligated to conduct a chain store. It is true that the lease bound the lessor not to rent any portion of its building, or any contiguous property controlled by the lessor, to any other tenant "retailing merchandise by means of the catalogue and chain store method." The plans and specifications of the proposed building also indicated that the premises the defendant proposed to lease were adapted for retail store purposes. All this goes only to corroborate the admitted intent of the defendant to make such use of the premises. But it did not bind itself so to do. Assuming that mere payment of rent would not satisfy the lessee's obligation, that it was bound to occupy and make some use of the leased premises, it might, at its option, use them either for a chain store or for any other lawful purpose. Either use would have satisfied its obligation under the proposed lease. Where a promisor has agreed to alternative performances, in case of breach without an election, the damages are measured by the alternative that will result in the smallest recovery. Am. Law Institute Restatement of the Law of Contracts, § 335; Hixon v. Hixon, 7 Humph. (Tenn.) 33; White v. Green, 19 Ky. (3 T. B. Mon.) 155; Franklin Sugar Refining Co. v. Howell, 274 Pa. 190, 118 A. 109, 115; W. J. Holliday & Co. v. Highland Iron & Steel Co., 43 Ind. App. 342, 87 N. E. 249, 253. It is not contended that the mere presence of Montgomery Ward & Co. as a tenant would have enhanced the value of plaintiff's property. Only if it conducted a chain store would customers be attracted in such numbers as to affect real estate values. The excluded evidence was all directed to an occupancy for such a purpose. Since the defendant had the alternative of occupying for other lawful purposes which would not have enhanced real estate values, its repudiation of the lease is not shown to have caused the plaintiff the

damage claimed, nor can it be held that such damage was within the contemplation of the parties.

Judgment affirmed.