## In re METROPOLITAN CHAIN STORES, Inc.

## MALAVAZOS et al. v. IRVING TRUST CO.

No. 314.

Circuit Court of Appeals, Second Circuit.

July 17, 1933.

See, also, 66 F.(2d) 485.

Cabell, Ignatius & Lown, of New York City, and Dolle, O'Donnell & Cash, of Cincinnati, Ohio, for appellants.

Zalkin & Cohen, of New York City (Israel Akselrod, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The appellants as lessors and the bankrupt as lessee entered into a written lease, dated January 15, 1930, by which premises in Ohio were leased to the bankrupt for a term of thirty years from January 1, 1935, at a graduated rental payable monthly in advance after possession should be given to the lessee. The lease gave the lessors the privilege of requiring the lessee, upon thirty days' notice, to take possession prior to January 1, 1935; and it further provided that the lessors should not rent the adjoining property for a store of a type competing with the lessee's business. Subsequently the lessee released the lessors from their covenant last mentioned, and as consideration therefor the lessors paid the lessee $2,000 and relinquished their option to require the lessee to take possession prior to January 1, 1935.

On January 12, 1932, and before the term began, the lessee was adjudicated bankrupt. Thereafter the lessors filed their proof of debt in the sum of $52,750, composed of the following items: (1) $40,000 damages for breach of the contract of lease; (2) $5,000 paid out by the lessors to a broker as commission for securing the lease; (3) $750 paid to an attorney as a fee in connection with the lease; (4) $2,000 paid to the bankrupt in part consideration for the release of the lessors' covenant respecting the rental of adjoining property; and (5) $5,000 damages suffered by the lessors by canceling their aforesaid privilege of requiring the bankrupt to take possession prior to January 1, 1935, such cancellation being part of the consideration for the bankrupt's aforesaid release of the lessors' restrictive covenant, and having been obtained at a time when the bankrupt knew and concealed from the lessors the fact that it could not and would not carry out the terms of the lease contract. Upon the trustee's motion to expunge the claim as contingent, unliquidated, and nonprovable, the referee so ordered, treating the motion as a demurrer. This order the District Court confirmed.

A copy of the lease was annexed to the proof of claim. It contained a covenant to pay rent monthly in advance, and provided that, in the event of the lessee's bankruptcy, the lease shall terminate at the lessors' election, and they may lawfully re-enter. There was no covenant by the lessee to indemnify them for loss of rents.

■ The first item of the proof of claim alleges an indebtedness of $40,000 "as damages by reason of the breach of the covenants of a certain lease and a contract to lease from the deponents, as lessors, to the bankrupt, as lessee." If this be construed as a count based on breach of a covenant to pay rent to accrue in the future, it does not state a claim provable in bankruptcy. This rule has been so often declared that it may be accepted as established law until the Supreme Court shall decide otherwise or the Congress shall amend the act. Atkins v. Wilcox, 105 F. 595, 53 L. R. A. 118 (C. C. A. 5); Watson v. Merrill, 136 F. 359, 69 L. R. A. 719 (C. C. A. 8); Colman Co. v. Withoft, 195 F. 250 (C. C. A. 9); In re Roth & Appel, 181 F. 667, 31 L. R. A. (N. S.) 270 (C. C. A. 2); Slocum v. Soliday, 183 F. 410 (C. C. A. 1); Wells v. Twenty-First Street Realty Co., 12 F.(2d) 237 (C. C. A. 6); In re Marshall's Garage, 63 F.(2d) 759 (C. C. A. 2); Remington, Bankruptcy (3d Ed.) §§ 788–795. The appellants concede this to be the rule where the legal relations created by a lease are determined according to the common law, but contend that their rights are governed by the law of Ohio and that under the law of that state the lessor has a right of action for damages for the anticipatory breach of a covenant to pay rent. They admit that Wells v. Twenty-First Street Realty Co., 12 F.(2d) 237 (C. C. A. 6), is directly contrary to their contention, and they ask us to refuse to follow it. The decisions which they cite do not convince us that the Wells decision is wrong; on the contrary, we think it correctly construed the state law. See, also, State ex rel. Ross v. Donahey, 93 Ohio St. 414, 421, 113 N. E. 263; Cain v. Brown, 105 Ohio St. 264, 273, 136 N. E. 916.

■ The appellants further urge that their claim should be differentiated from a claim for future rent because the term had not commenced when the petition in bankruptcy was filed. Relying upon the doctrine of Central Trust Co. of Ill. v. Chicago Auditorium Ass'n, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580, they urge that before the commencement of the term the tenant acquires no estate in the land, the legal relations of the parties are wholly contractual, and bankruptcy should be deemed an anticipatory breach of the tenant's implied executory promise to take possession and perform his obligations under the lease. To adopt this contention would necessitate overruling In re Roth & Appel (C. C. A.) 181 F. 667, 31 L. R. A. (N. S.) 270, for there also the petition in bankruptcy was filed before the commencement of the leasehold term. It

is true that that fact was not taken note of in the opinion and seems to have been overlooked in emphasizing the point that one of the uncertainties of the claim was whether the landlord would re-enter and terminate the lease. Strictly, the uncertainty was not whether he would re-enter (for it may be assumed he retained possession until the term began), but whether he would elect to accept the bankruptcy as an anticipatory breach—a doctrine which had not been established at the time of that decision. But a second ground taken for holding the claim too contingent for proof in bankruptcy was the uncertainty whether there would be any loss in rents. That uncertainty exists equally here. The measure of damages for failure by a lessee to accept a lease for which he had contracted is presumably the difference between the rent stipulated in the lease and rent obtainable from other parties if the premises are relet. See Addieg v. Tull, 187 F. 101, 103 (C. C. A. 2); 3 Williston, Contracts, § 1405. In the case at bar the original term was not to begin until January 1, 1935, and was to run for thirty years thereafter. Whether during that distant period the landlord will profit or lose by reason of the prospective tenant's repudiation of his contract (assuming without decision that bankruptcy may be deemed such) is pure speculation. Cf. Dunbar v. Dunbar, 190 U. S. 340, 23 S. Ct. 757, 47 L. Ed. 1084; Hermitage Co. v. Levine, 248 N. Y. 333, 162 N. E. 97, 59 A. L. R. 1015. The provability in bankruptcy of a claim for such contingent damages should not turn on whether or not the tenant is in possession under the lease at the date of the petition filed. We cannot accept the distinction urged by the appellants between this case and In re Roth & Appel.

The only authority found which tends to support the appellants' argument for provability is this court's decision in Re Mullings Clothing Co. (C. C. A.) 238 F. 58, L. R. A. 1918A, 539. There also the petition in bankruptcy was filed before the term began, but repudiation of the lease antedated the filing of the petition, and upon this ground In re Roth & Appel was distinguished. It should also be noted that the lessor had relet the premises for the entire term so that the damages were no longer uncertain in amount when the amended claim was filed. However, the reletting was about a month subsequent to the petition in bankruptcy, and therefore at that crucial date they were uncertain. To harmonize this decision with the theory of In re Roth & Appel is difficult at best. See T. A. D. Jones Co. v. Winchester Repeating Arms Co., 61 F.(2d) 774, 776 (C. C. A. 2). If the Mullings Case is to stand at all, it must be confined to the precise situation of an antecedent repudiation and a liquidation of damages by reletting within the time for the filing of proofs of claim, for the rule of In re Roth & Appel is too firmly established to be departed from by this court. That rule governs the case at bar in respect to the damages asserted as item 1 of the appellants' proof of claim.

The second and third items of alleged damage relate to expenses incurred by the lessor in obtaining the contract of lease for breach of which the lessors claim damages in item 1. The basis of liability on the part of the lessee for such expenses is not apparent; nor do we see on what theory they can be elements of damage in a suit on the contract of lease. The appellants' brief has not argued the matter, and these items of the proof of claim may be dismissed without further discussion.

The fourth item of the claim relates to a payment of $2,000 made to the bankrupt as part of the consideration paid by the lessors for release from their covenant respecting renting the adjoining premises. The rest of the consideration was their relinquishment of their option to accelerate the date when the lessee should take possession under the lease. Such relinquishment is alleged to have damaged them to the extent of $5,000, which constitutes the fifth item of the proof of claim. The theory seems to be that they were induced to part with their money and their option by reason of the bankrupt's concealment of the fact that it would be financially unable to perform its obligations under the lease when time for performance should arrive. Assuming that such concealment amounted to fraud, the appellants' claim sounds in tort only. The bankrupt obtained nothing on credit; it induced them by concealment to pay their money and relinquish their option in exchange for the consideration the bankrupt gave them, namely, its release of the restriction against reletting adjoining premises. That consideration they still keep, so their cause of action, if any, must rest on the theory that, by fraud, they were induced to accept a consideration less valuable than they were led to believe it. Such a claim is for deceit, and is not provable in bankruptcy. Although we have assumed, in favor of the appellants, that the bankrupt was guilty of fraudulent concealment, it may well be doubted whether there was in fact any actionable

nondisclosure. Cleaveland v. Richardson, 132 U. S. 318, 329, 10 S. Ct. 100, 33 L. Ed. 384.

For the foregoing reasons we think the claim was properly expunged, and the order is affirmed.