## In re LOUIS K. LIGGETT CO. *

District Court, S. D. New York.
Feb. 6, 1934.

Milbank, Tweed, Hope & Webb, of New York City (H. Struve Hensel, of New York City, of counsel), for trustees in bankruptcy.

Betten & Dannenberg, of New York City (Benjamin T. Dannenberg, of New York City, of counsel), for claimant.

KNOX, District Judge.

This matter is before the court upon petition to review the order of a referee in bankruptcy which disallowed the claim of a landlord for damages for the breach of the covenant of a bankrupt lessee to restore a wall of the building on the demised premises. The lease containing the covenant was made upon June 12, 1931, and the term was to extend for a period of fifteen years, beginning April 1, 1933. The restoration of the wall was to be made prior to the end of the term.

Paragraph twenty-third of the lease reads, in part, as follows: "Tenant further covenants that if it shall be declared or adjudged insolvent or bankrupt according to law * * * then this lease shall thereupon, at the option of the Landlord, terminate and all rights of the Tenant hereunder shall cease forthwith, and the Landlord is hereby irrevocably authorized, at its option, forthwith to cancel this lease as for a default and re-enter into said premises, and shall be entitled to all the rights, benefits and privileges accruing to the Landlord hereunder in case of default."

Paragraph twenty-fourth of the same instrument provides that upon a default by the tenant in the payment of rent, or of any of

*Order reversed — F.(2d) —.

the other covenants in the lease for five or thirty days after written notice from the landlord (depending on which covenant the tenant failed to perform), the landlord may " * * * at its election * * * declare this lease forfeited and the term thereof ended * * * "

The foregoing excerpts from the lease clearly indicate that, at the option of the landlord, bankruptcy of the tenant should end the lease, and also that such an event should be regarded as the equivalent of a default by the tenant in the performance of its covenants.

The tenant was adjudicated upon March 31, 1933. The trustees in bankruptcy disaffirmed the lease upon July 28, 1933. Three days thereafter the landlord re-entered the premises and demanded that the trustees either enter into a new rental agreement, or that they vacate their occupancy. Negotiations then ensued which resulted in a new rental agreement that became effective September 1, 1933.

From the foregoing, it will be seen that as of the date of bankruptcy, the claim in question was within the realm of contingency, and that it thus remained until the re-entry of the premises was accomplished. But even so, the element of contingency here present is hardly greater, if at all, than that which was considered by the Court of Appeals for this circuit in Re Metropolitan Chain Stores (First National Bank of Canton v. Irving Trust Co.) 66 F.(2d) 485. See, particularly, the concurring opinion of Judge Learned Hand. The trustees in bankruptcy, however, seek to avoid the effect of this decision by arguing: First, that the facts then before the court and those now presented are distinguishable; and, second, that the decision is not applicable for the reason that, in this case, the petition in bankruptcy antedated the beginning of the term of the lease by one day.

Since the theory upon which the appellate court rendered its decision in the case cited was that of an anticipatory breach of contract, it does not seem as though the date of bankruptcy and that upon which the term of the lease was to begin to run is of particular significance. Bankruptcy is as much an anticipatory breach of a covenant to restore premises, when it occurs before the beginning of a term, as when it takes place thereafter but before the time at which the covenant to restore is to be performed. Indeed, in the case of In re Metropolitan Chain Stores (Malavazos v. Irving Trust Co.) (C. C. A.) 66 F.(2d) 482, the fact that the term of the lease had not commenced when the bank-

ruptcy petition was filed, was urged as a ground for allowing a claim for future rent, which otherwise would not have been provable. Although the court rejected this contention, it is no way suggested that the precedence of the date of bankruptcy over the commencement of the term was a factor working against the provability of the claim. On the contrary, the court said at page 484 of 66 F.(2d): "The provability in bankruptcy of a claim for such contingent damages should not turn on whether or not the tenant is in possession under the lease at the date of the petition."

The claim of petitioner may be proved, and the order of the referee is, therefore, reversed.