### SLOCUM et al. v. SOLIDAY.

(Circuit Court of Appeals, First Circuit. December 1, 1910.)

No. 885.

BANKRUPTCY (§ 318*)—PROVABLE DEBTS—COVENANT FOR INDEMNITY AGAINST LOSS OF RENT—"FIXED LIABILITY."

A provision in a lease that, in case the lessee shall be petitioned into bankruptcy or declared a bankrupt, the lessor may re-enter and terminate the lease, and that in such case the lessee shall pay to the lessor "as damages a sum which at the time of such termination * * * represents the difference between the rental value of the premises and the rent * * * herein named for the residue of the term," does not create a liability which can be proved as a claim against the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 318.*]

Appeal from the District Court of the United States for the District of Massachusetts.

In the matter of the French Carriage Company, bankrupt. From a decree of the District Court, William H. Slocum and others, trustees, appeal. Affirmed.

Harold Williams, Jr. (Wilmot R. Evans, Jr., on the brief), for appellants.

Henry T. Richardson, for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is an appeal from a decree in bankruptcy cutting down a proof of claim offered by the appellants. The appellants are testamentary trustees, owning lands and buildings which were leased to the French Carriage Company, of which Soliday, the appellee, is trustee in bankruptcy. The petition in bankruptcy was involuntary, and was filed on November 19, 1909, with an adjudication on December 6, 1909. The letting of the premises was by an indenture under seal, which was to expire on December 31, 1910. The proof covered all rent in arrears, and also the equivalent of the rent for the unexpired time to the end of the lease. A credit was given for payment by the receiver in bankruptcy during his occupancy, leaving the balance of the claim as proved, $14,265.29. On the rehearing of the proof, the referee reduced it to $3,102, which ruling of the referee was sustained by the District Court. Thereupon appeal was taken to us. The $3,102 was the admitted amount of the rent to the time of the filing of the petition in bankruptcy.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The lease contained no special provisions, except the following:

"This lease is made on condition, also, that if the lessee shall neglect or fail to perform or observe any of the covenants herein contained on the lessee's part to be performed or observed, or if the estate hereby created shall be taken on execution or other process of law, or if the lessee shall petition to be or be declared bankrupt or insolvent according to law, or if a receiver, guardian, conservator, or other similar officer shall be appointed to take charge of any part of the property of, or to wind up the affairs of, the lessee, or if any assignment shall be made of the lessee's property for the benefit of creditors, then, and in either of the said cases, the lessor lawfully may, immediately or any time thereafter, and without demand or notice, enter into and upon the demised premises, or any part thereof, in the name of the whole, and repossess the same as of his former estate, and expel the lessee and those claiming through or under him, and remove the effects of both or either (forcibly, if necessary), without being deemed guilty of any manner of trespass, and without prejudice to any remedies for arrears of rent or preceding breach of covenant, and upon entry as aforesaid the lessee's estate shall end. And the lessee covenants that in case of such termination, or of termination under the provisions of statute by reason of default on the part of the lessee, the lessee will, at the election of the lessor (which election may be made or changed at any time), either (a) pay to the lessor sums equal to the rent and other payments herein named at the same times and in the same installments, or, if the premises shall have been relet, sums equal to the difference between the aforesaid and the sums actually received by the lessor in proportionate installments, as liquidated damages for so much of the unexpired term as is represented by such installments; or (b) pay to the lessor, as damages, a sum which at the time of such termination, or at the time to which installments of liquidated damages shall have been paid, represents the difference between the rental value of the premises and the rent and other payments herein named for the residue of the term; or (c) indemnify the lessor against loss of rent and other payments herein named from the time of such termination, or from the time to which installments of liquidated damages shall have been paid, during the residue of the term."

It does not clearly appear from the record whether the lessors rest their claim for any rentals subsequent to the filing of the petition in bankruptcy, or the equivalent thereof, on the demand arising out of the ordinary relations of landlord and tenant holding under an unexpired lease, as readjusted by statutes in bankruptcy, or whether they rely on the special provisions of the lease which we have cited. If the former, the rule that rent, as such, arises out of the occupation of the leased premises, or, as in support therefor, the rule that there is no certain liability, because non constat the tenant may not continue to occupy the premises, are too well established to require any discussion by us so far as this case is concerned.

If the lessors rely on the peculiar provisions of the lease, it seems to us emphatically demonstrable that no claim arises therefrom provable here. In order that a claim may be proved, it must have existed at or before the filing of the petition in bankruptcy which the adjudication follows. It is true that there are some confused provisions of the present statutes in bankruptcy which have relation to the time of the adjudication; but we are governed by the rule stated, as found in the form of proving unsecured debts fixed by the General Rules in Bankruptcy ordained by the Supreme Court. Hutchinson v. Dee (decided by us December 6, 1901) 112 Fed. 315, 50 C. C. A. 264; In re Roth & Appel, 181 Fed. 667–674. This proposition does not seem to be contested; but the lessors maintain that the status of the parties, out of which their present claim un-

der the peculiar provisions of this lease arises, was fixed simultaneously with the filing of the petition in bankruptcy, if not prior thereto. The provision in the lease contemplates several alternatives. The one relied on by the lessors is "(b)." This alternative has relation to the time of "such termination." Indeed, the whole of this special provision of the lease has no operation, except from the time when the lessors enter into or upon the premises as provided therein. This entry clearly could not be made in a case in bankruptcy, except on the condition that the lessee had already been petitioned into bankruptcy, or declared bankrupt. To the common apprehension, the entry could not occur, either in fact or in theory of law, until after the petition in bankruptcy had been filed; and the order of things in the law is the same. Therefore no claim based on the particular provision referred to could have had existence, except in the possible undisclosed or disclosed intention of the lessors, prior to the filing of the petition in bankruptcy, or at the time of such filing. Any mere such intention, whether disclosed or undisclosed, would not be of effect to create a claim which the law would regard as provable. Whatever the intention may have been, there was no existing claim which could be proved in bankruptcy, until the lessors had exercised their option to enter, and had actually entered in accordance therewith. Until that time there was simply a contingency that there might be a claim; but neither under the present statutes in bankruptcy nor under any prior statutes was there anything in such a contingency which was capable of being proved against a bankrupt's estate.

The lessors rely on our decision of December 6, 1901, in Hutchinson v. Dee, 112 Fed. 315, 50 C. C. A. 264. The effect of that decision was that the filing of a petition in bankruptcy sometimes operates to render unnecessary a demand, or tender, which might otherwise be necessary under an existing executory contract; so that the mere filing of the petition operates as a breach of the contract. It was there pointed out that, inasmuch as the filing of the petition is the effective act which accomplishes the breach, the filing and the breach are simultaneous. In the case at bar the District Court found as a matter of fact that the entry was subsequent to the commencement of the proceedings in bankruptcy; but this finding was necessarily true as a matter of law. In the theory of the law, the beginning of proceedings in bankruptcy necessarily preceded the entry, because by the terms of the lease entry could not be made until after the proceedings were commenced. Therefore, although the entry may have immediately followed the beginning of the proceedings, and may not have been separated by an interval capable of definite measurement, the two matters were distinct and separate, and one succeeded the other.

An earlier publication of In re Roth & Appel, 181 Fed. 667, in which the Circuit Court of Appeals for the Second Circuit reached the same conclusion which we have reached here, might have saved us the labor of drawing the opinion.

The decree of the District Court is affirmed, and the appellee recovers his costs of appeal, to be paid out of the estate in bankruptcy.