### In re MILLER.

#### (District Court, D. Massachusetts. March 15, 1915.)

#### No. 18910.

1. BANKRUPTCY ⬡⇒318, 340—PROVABLE DEBT—ALLOWANCE—ANNUITY.

A bankrupt, for full consideration, received by him before bankruptcy, entered into an absolute promise to pay to the claimant $3 per day during the remainder of the claimant's life. Bankr. Act July 1, 1898, c. 541, § 63a, 30 Stat. 562 (Comp. St. 1913, § 9647) declares that debts of the bankrupt, which are a fixed liability and absolutely owing at the time of the filing of the petition and are founded upon a contract, absolute or implied, may be proved. *Held*, that the claim might be proven against the bankrupt's estate, and that the only uncertainty, which was the duration of the claimant's life, might be determined as in other cases by reference to mortality tables.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482, 527; Dec. Dig. ⬡⇒318, 340.]

2. BANKRUPTCY ⬡⇒342½—FINDINGS OF REFEREE—EVIDENCE.

Where the evidence in a proceeding to review allowance of claims was not reported, the referee's findings of fact must stand, unless they appear erroneous on the face of the certificate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 530; Dec. Dig. ⬡⇒342½.]

In Bankruptcy. In the matter of Charles W. Miller, bankrupt. Petitions to review claims allowed by the referee. Petitions denied.

Alfred W. Putnam, of Boston, Mass., for trustee.
Fred L. Norton, of Boston, Mass., for creditor.

MORTON, District Judge. The bankrupt made, upon good consideration, a contract obligating him absolutely to pay to the creditor $3 per day during the creditor's life. No default existed at the time of the voluntary petition in bankruptcy and the adjudication. No payments under the contract have been made since the bankruptcy. The creditor seeks to prove an amount which is the present worth of $3 per day during his expectation of life, as shown by the mortality tables. Mr. Referee Gibbs allowed the claim, and the case is here on review.

[1] The bankrupt's undertaking is absolute; he had received the full consideration for his promise before the bankruptcy, and nothing re-

---

mained but for him to make the payments as agreed. His liability was "fixed," and it was "founded upon a contract." Section 63a. The only uncertainty about it is the amount.which he will be called upon to pay. There are many, cases in which the amount of damages recoverable, or the value of an estate, depends upon the length of time which a person killed would have lived, or which a living person will live. Nobody knows what that length of time would have been, or will be. But the damages are not on that account treated as unassessable, nor the value as unascertainable. The expected duration of the life in question, arrived at by the use of mortality tables in connection with such facts as the particular case develops, is used as the basis for computing damages or value.

I see no reason why that method should not be followed in bankruptcy proceedings. Cases in which the bankrupt's obligation is other than contractual, or may be changed by subsequent events, e. g., alimony, or where the duration.of it is limited upon contingencies other than death, which cannot be estimated upon data now existing, e. g., the chance of a woman's remarriage (Dunbar v. Dunbar, 190 U. S. 340, at 345, 23 Sup. Ct. 757, 47 L. Ed. 1084), and cases in which the bankrupt's obligation to pay rests, not upon a past and executed consideration received by him, but upon future consideration to be received by him from time to time, e. g., rent under lease (Roth v. Appel, 181 Fed. 667, 104 C. C. A. 649, 31 L. R. A. [N. S.] 270 [C. C. A. 2d Circuit]; Slocum v. Soliday, 183 Fed. 410, 106 C. C. A. 56 [C. C. A. 1st Circuit]), are, I think, plainly distinguishable. The essential grounds upon which proof is rejected in such cases do not exist here. Upon the questions of law involved, this case is undistinguishable from Cobb v. Overman, 109 Fed. 65, 48 C. C. A. 223 (C. C. A. 4th Circuit); and the referee has followed the procedure there approved. That decision was referred to, certainly without disapproval, in Dunbar v. Dunbar, 190 U. S. 340, at 351, 23 Sup. Ct. 757, 47 L. Ed. 1084. Notwithstanding the criticism of Cobb v. Overman in In re Pettingill (D. C.) 137 Fed. 143, at page 147, it seems to me to be correct. The creditor had the right to treat the bankruptcy and the cessation of payment thereafter as a breach of the entire contract. In re Swift, 112 Fed. 315, 50 C. C. A. 264 (C. C. A. 1st Circuit). The referee was right in allowing the claim, and his decision is affirmed.

[2] The other petition for review brings up the referee's action in allowing a second claim by the same creditor for rent of a stable (owned by the creditor) which accrued before the bankruptcy, and a third claim for money had and received by the bankrupt to the creditor's use before the bankruptcy, amounting to $2700. The referee has found that the rent was due, and that the money was had and received by the bankrupt, as claimed by the creditor, and has allowed both these claims in full. As the evidence is not reported, his findings of fact must stand, unless they appear to be erroneous on the face of his certificate. Nothing appears therein which leads me to doubt the correctness of the referee's findings of fact or his rulings of law. His decision is affirmed.

Both petitions for review are denied.