## In re LESLIE & GRIFFITH CO.

(District Court, D. Massachusetts. January 6, 1916.)

### No. 21766.

1. BANKRUPTCY ☞318(4)—CLAIMS ALLOWABLE—DEBTS ACCRUING SUBSEQUENT TO FILING OF PETITION.

Assuming that a common-law assignment by a bankrupt, including the bankrupt's rights in a lease, constituted a breach of a covenant in the lease not to assign, and afforded ground for the lessor to re-enter and terminate the lease, the lessor's claim for damages claimed to have been caused by this breach was not provable, where, at the time of the filing of the petition, it had not re-entered and terminated the lease, and it was not certain whether it would waive the breach occasioned by the assignment and continue the lease, or elect to regard the lease as broken and retake possession, as the claim was not an existing debt at the time the petition was filed, but arose, if at all, out of the subsequent act of the lessor in terminating the lease.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 482; Dec. Dig. ☞318(4).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ⊙⇒318(1)—CLAIMS ALLOWABLE—AGREEMENTS TO TAKE EFFECT
UPON BANKRUPTCY.
It is doubtful how far a person may make contracts contingent on his
own bankruptcy and intended to affect in such event the distribution of
his estate.
[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⊙⇒318(1).]

In Bankruptcy. In the matter of the Leslie &' Griffith Company, bankrupt. On review- of orders of the referee. Orders affirmed.

David Stoneman, of Boston, Mass., for creditor.
Isaac Harris, of Boston, Mass., for trustee.

MORTON, District Judge. These three certificates from Mr. Referee Darling present the following case:

The Ratshesky Estate Trust offered for proof against the bankrupt a claim for $225,500. It was objected to by the trustee, and after full hearing was disallowed by the referee. The first certificate brings up for review that decision.

Following the disallowance of the claim, the referee ordered a 10 per cent. dividend. If this dividend be paid, not enough will be left in the estate to pay a similar dividend upon the Ratshesky claim, if it should finally be allowed. The referee declared the dividend without giving to creditors 10 days' notice of his intention to do so. The claimant contends that under Bankr. Act July 1, 1898, c. 541, § 58 a (5), 30 Stat. 561 (Comp. St. 1913, § 9642), such notice was required, and that because of the lack of it the dividend in question was not properly declared. Upon petition of the claimant these questions have been certified by the referee, and form the subject-matter of his second certificate.

The claimant also requested that the trustee be directed to take review of the dividend order for the purpose of raising the same questions, and that, in the event of his refusal to do so, the claimant be authorized to take such action in the name of the trustee. The referee refused so to direct the trustee. The claimant petitioned for review of such refusal; and this constitutes the subject-matter of the third certificate.

It is evident that the basic question is whether the petitioner's claim ought to have been allowed. If the referee was right in disallowing it, the petitioner has no standing to object to the proceedings in reference to the dividend, or to the refusal to order the trustee to take review of those proceedings. No objection to the dividend is made by the claimant in respect to so much of its claim as was allowed.

[1, 2] The facts in reference to the disallowed claim are not seriously in dispute; they are fully stated in the certificate of the referee, whose findings are hereby confirmed. If it be assumed, as the claimant contends, that the common-law assignment, which included the bankrupt's rights in the lease, constituted a breach of the covenants of the lease, and afforded ground for the lessor to re-enter and terminate it, the lessor, as the referee finds, did not do so before the petition in bankruptcy was filed, and apparently not afterwards. (Report,

pages 4 and 6.) At the time of such filing it was uncertain whether the lessor would waive the breach occasioned by the assignment and continue the lease, or whether it would elect to regard the lease as broken and would retake possession of the demised premises. The claim in question was not, therefore, an existing debt at the time when the petition was filed, but has arisen, if at all, out of a subsequent act of the lessor in terminating the lease. There is, I think, a tendency to restrict the right of persons to make contracts, contingent upon their own bankruptcy, and intended in the event of it to create claims against the estate. Upon the decisions in this circuit the learned referee was clearly right in holding that the claim was not allowable. Slocum v. Soliday, 183 Fed. 410, 106 C. C. A. 56; Wm. Filene's Sons Co. v. Weed et al., Receivers, 230 Fed. 31, —— C. C. A. —— (C. C. A. 1st Cir. December 9, 1915); Cotting v. Hooper, Lewis & Co., 220 Mass. 273, 107 N. E. 931.

I doubt whether the damages which formed the basis of the claim can properly be said to have been caused by the breach of the covenant not to assign; but as what has been said is sufficient to dispose of the matter, it is not necessary to decide that question.

As the claim was properly disallowed, it follows that the petitioner has no standing to object to the dividend order, nor to the refusal of the referee to order the trustee to take review of the dividend order, or to permit such review to be taken by the claimant in the trustee's name.

The several orders of the referee from which review was taken are affirmed.