## In re SCHULTZ & GUTHRIE.

(District Court, D. Massachusetts. August 31, 1916.)

### No. 23107.

1. BANKRUPTCY ⚙══228—FINDINGS OF REFEREE—REVIEW.

The evidence not being reported, the findings of the referee in bankruptcy must stand unless appearing on the face of his certificate to be plainly wrong; and it is not enough that a letter referred to is strong evidence of a conclusion contrary to a finding, where it cannot be said that it may not have been controlled by other evidence.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. ⚙══228.]

2. BANKRUPTCY ⚙══348—CLAIMS—PRIORITY—COMPENSATION OF EMPLOYÉ.

That the compensation of an employé of bankrupt was more than $1,500 per year does not of itself disentitle him to priority therefor under Bankr. Act July 1, 1898, c. 541, § 64b (4), 30 Stat. 563 (Comp. St. 1913, § 9648).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ⚙══348.]

3. BANKRUPTCY ⚙══318(2), 345—PROVABLE CLAIMS—FUTURE DAMAGES FOR BREACH OF CONTRACT OF EMPLOYMENT.

Future damages for breach by the bankrupt of a contract of employment are a provable unpreferred claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469, 531; Dec. Dig. ⚙══318(2), 345.]

In Bankruptcy. In the matter of the bankruptcy of Schultz & Guthrie. Order of referee affirmed.

Alexander Natanson, of New York City, for creditor.

Archibald M. Hillman, of Worcester, Mass., for alleged bankrupts.

MORTON, District Judge. [1] As the evidence is not reported, the findings of the referee must stand unless they appear upon the face of his certificate to be plainly wrong. The alleged bankrupts' letter to the claimant of January 1, 1916, in which they say in effect that they can no longer keep on with him under the contract of employment, is certainly strong evidence of a breach at that time. If so, it would follow that thereafter the claimant was entitled, not to wages, but to damages, which, of course, would not be entitled to priority. The learned referee has, however, found that the relation of employer and employé continued up to the filing of the bankruptcy petition, and I am unable to say that the letter referred to may not have been so controlled by other evidence not before me as to justify the finding.

[2] The fact that the claimant's compensation was more than $1,500 per year does not of itself disentitle him to priority under section 64b(4). Blessing, Trustee, v. Blanchard, 223 Fed. 35, 138 C. C. A. 399, Ann. Cas. 1916B, 341, 35 Am. Bankr. Rep. 135 (C. C. A. 9th

Cir.); In re Gurewitz, 121 Fed. 982, 58 C. C. A. 320 (C. C. A. 2d Cir.)

It follows that the learned referee was right in allowing the claim for wages up to the date of bankruptcy as entitled to priority, and his finding in respect thereto is affirmed.

[3] The learned referee further allowed, as an unpreferred claim, wages at the rate fixed in the contract from the date of the bankruptcy until the claimant secured other employment. This was evidently done upon the theory that the contract was broken by the bankruptcy, and as a convenient method of estimating the damages for the breach. The alleged bankrupts contend that such damages are not provable.

The claimant had the right to treat the bankruptcy as a breach of the entire contract. In re Swift, 112 Fed. 315, 50 C. C. A. 264 (C. C. A. 1st Cir.). Since the present case was argued, Central Trust Co. v. Chicago Auditorium Ass'n, 240 U. S. 581, 36 Sup. Ct. 412, 60 L. Ed. 811, has been decided, in which it is held that, when bankruptcy constitutes a breach of an executory contract to be performed in the future, damages covering the whole term of the contract are provable. The contract in that case was to pay for certain privileges; in this one it is to pay for personal services. I do not think that the distinction is material. It is true that such services are contingent on the employé's life, but that fact does not prevent damages for breach of contracts, like the one under consideration, from being proved in actions at law, and I see no good reason why a stricter rule should be applied in bankruptcy.

Notwithstanding the decision in D. Levy & Sons Co. (D. C. Md.) 208 Fed. 479, relied on by the alleged bankrupts, it seems to me that damages for the breach of the contract were provable and that in so ruling the referee was right. A similar result was reached in equity in Isaac McLean Sons Co. v. Butler (D. C. Mass.) 227 Fed. 325 (opinion Dodge, J., Oct. 31, 1914). See, too, Charles W. Miller (D. C. Mass.) 225 Fed. 331.

The orders of the referee are affirmed.