### McDONNELL v. WOODS.

(Circuit Court of Appeals, First Circuit. May 13, 1924.)

No. 1719.

1. **Bankruptcy ⚫⟶318(4)—Where lessor insisted lease not terminated by bankruptcy, claims for damages arising only after termination and re-entry held properly disallowed.**

Where lessor's petition for leave to re-enter on lessee's bankruptcy without terminating lease was allowed by referee, and lessor's brief insisted that lease was never terminated, lessor's claims for damages for breach of covenants to repair, to furnish steam and hot water to other tenants, to clean premises, etc., which could not arise until after termination and re-entry, were properly disallowed.

2. **Bankruptcy ⚫⟶318(4)—Damages for lessee's breach of covenants to repair, to indemnify for loss of rent, etc., held not provable debts.**

Even if lessor's re-entry on lessee's bankruptcy after allowance of petition for leave to re-enter without terminating lease terminated lease, lessor's claims for damages for breach of covenants to repair, clean, expenses of reletting, etc., were contingent, and are not within Bankruptcy Act, § 63 (Comp. St. § 9647), and were therefore properly disallowed.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Suit by Patrick A. McDonnell against Carl F. Woods, trustee. From a decree affirming a decision of referee, plaintiff appeals. Affirmed.

William B. Sullivan, of Boston, Mass., for appellant.
Albert W. Rice, of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

⚫⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ANDERSON, Circuit Judge. Richardson, Inc., was adjudicated a bankrupt on April 26, 1923, on a petition filed on the same day. It was then the lessee under a lease dated May 15, 1920, running from the appellant, McDonnell, for 10 years from June 1, 1920, with a rent of $19,000 per annum, payable monthly in advance. The lessee was to furnish steam at market rates and hot water at city rates to various tenants in parts of the buildings not included in this lease. The other provisions are the usual ones. One provision, relied upon by the appellant, is, so far as pertinent, as follows:

"Provided, always, and these presents are upon this condition, that * * * if the lessee shall be declared bankrupt * * * according to law * * * the lessor lawfully may immediately or at any time thereafter without notice or demand, enter into and upon the said premises, or any part thereof in the name of the whole, and repossess the same as of their former estate, and expel the lessee and those claiming under it, and remove its effects (forcibly if necessary) without being deemed guilty of any manner of trespass, and without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant, and upon entry as aforesaid the said term shall cease and determine, and the lessee covenants to indemnify the lessor for all expense by him incurred in reletting the premises and for all loss and damage by reason of the premises being vacant or relet for the remainder of the term for a less sum than herein stipulated."

[1] On May 15, 1923, the appellant filed with the referee a petition praying:

" * * * That the court grant to your petitioner leave to re-enter said premises without terminating said lease and to collect the rent due from said tenants since April 26, 1923, the date of adjudication, and to relet said premises and collect the rent therefor and hold the same as a credit against any charges that may be found due under the terms of said lease against the lessee therein named or the said guarantors, or if the receiver or trustee acting for the court should hereafter elect to assume the lease and pay the rent as therein reserved from the date of adjudication, to allow the total sum of the rent so collected against the amount of the rent and other obligations mentioned in said lease to be charged to said receiver or trustee, all without prejudice to the petitioner's rights to in the future enforce the terms of said lease against any person or corporation that may be liable thereon."

This petition was indorsed by the referee: "Allowed after hearing, May 15, 1923." So far as appears, no other order was entered. But what, if anything, the appellant did pursuant to this order the record does not disclose. In one of the briefs it is stated that the lessor thereupon entered and collected the rent due from the subtenants; also that the lessee had not actually occupied the premises for some time prior to the bankruptcy. Perhaps the inference is warranted that this petition was filed in deference to the right of the court to determine whether the lease should be assumed by the trustee as an asset or renounced as a liability. At any rate, the prayer was that the landlord might "re-enter said premises *without terminating said lease,*" and also "without prejudice to the petitioner's rights to in the future enforce the terms of said lease against any person or corporation that may be liable thereon." The performance of the obligations of the tenant was guaranteed by three guarantors—a security the landlord would naturally desire to retain.

Whatever the legal significance, if any, of this petition and the allowance thereof, the appellant's present case goes expressly upon the theory, repeatedly urged in his brief, that "the lease was never terminated." The trustee did not assume the lease.

But the appellant sought to prove a claim consisting of nine items, as shown in the following:

### Itemized Bill Attached to the Proof of Claim.

| | |
|---|---:|
| (1) One month's rent due April 1, 1923. | $ 1,583.33 |
| (2) Damages on covenant to put premises in such repair, order and condition as the same were in at the commencement of the term | 20,350.00 |
| (3) Replacing glass | |
| (4) Emptying and cleaning pipes. | |
| (5) Damages on covenant to furnish steam. | 7,000.00 |
| (6) Damages on covenant to furnish hot water. | 2,502.50 |
| (7) Damages on covenant to pay commission to relet for remainder of term | 1,596.00 |
| (8) Damages on covenant to pay loss for premises being vacant or re-let for remainder of term for a less sum than stipulated, seven years at $5,000.00 a year. | 35,000.00 |
| (9) For cleaning premises | 200.00 |
| | $67,931.83 |

### Credit.

| | |
|---|---:|
| (1) Bill for heating October 15, 1922, to April 25, 1923. | 1,089.38 |
| | $66,842.45 |

After hearing, but without taking evidence, the referee ruled that, as matter of law, all the items except the first, for accrued rent, which is not in dispute, must be disallowed. This decision was affirmed by the court. It was right.

If, as the appellant contends, the lease has not been terminated, it is obvious that such rights of the landlord as arise only after termination by re-entry cannot be asserted against the bankrupt's estate or against any one else. The items disallowed are of this character, for no damages are or can be claimed under items 3 and 4, and no damages could arise under items 2, 5, 6, 7, 8, and 9 until after re-entry. On this record, the appellant, as landlord, has sought carefully to preserve all of his rights against the tenant and its guarantors and cannot now assert rights that could arise only on a termination of the lease. We therefore have no occasion to consider and discuss the somewhat conflicting opinions as to the effect of a re-entry and termination of a lease upon bankruptcy of the lessee. Cf. Remington, Bank't'y (3d Ed.) § 789, and cases cited; In re Ells (D. C.) 98 Fed. 967; In re Roth & Appel, 181 Fed. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270, and cases cited; Slocum v. Soliday, 183 Fed. 410, 106 C. C. A. 56; In re Mullings Clothing Co., 238 Fed. 58, 68, 151 C. C. A. 134, L. R. A. 1918A, 539; Zavelo v. Reeves, 227 U. S. 625, 632, 33 Sup. Ct. 365, 57 L. Ed. 676, Ann. Cas. 1914D, 664; In re Desnoyers Shoe Co., 227 Fed. 401, 404, 142 C. C. A. 97; Dunbar v. Dunbar, 190 U. S. 340, 23 Sup. Ct. 757, 47 L. Ed. 1084.

[2] But if we assume that an entry (inferentially and only inferentially) was made after and pursuant to the allowance of the landlord's

petition, and that it terminated the lease, the claims disallowed were not thereby made debts, due and absolutely owing, at the time of the filing of the petition within the meaning of section 63 of the Bankruptcy Act (Comp. St. § 9647). They were on that date contingent only. Compare Slocum v. Soliday, 183 Fed. 410, 106 C. C. A. 56; In re Roth & Appel, 181 Fed. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270; Cotting v. Hooper, Lewis & Co., Inc., 220 Mass. 273, 107 N. E. 931, and cases cited.

There is nothing in the decisions of the Supreme Court in Central Trust Co. v. Chicago Auditorium, 240 U. S. 581, 36 Sup. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580; and William Filene's Sons Co. v. Weed, 245 U. S. 597, 38 Sup. Ct. 211, 62 L. Ed. 497, that overrule or modify the effect of Slocum v. Soliday, which is law in this circuit, and generally elsewhere.

The cases of In re Keith-Gara Co. (D. C.) 203 Fed. 585; In re Quality Shoe Shop (D. C.) 212 Fed. 321; In re Haas (D. C.) 213 Fed. 695; Rosenblum v. Uber, 256 Fed. 584, 167 C. C. A. 614—cited by appellant's counsel, are not in point and need not be discussed.

The decree of the District Court is affirmed, with costs to the appellee in this court.