## In re NATIONAL CREDIT CLOTHING CO.

## LLOYD INV. CO. v. SCHMIDT.

### No. 4880.

Circuit Court of Appeals, Seventh Circuit.

July 15, 1933.

Rehearing Denied Oct. 4, 1933.

Bruno V. Bitker, Joseph E. Tierney, and Irving A. Puchner, all of Milwaukee, Wis. (Lloyd S. Jacobson, of Milwaukee, Wis., of counsel), for appellant.

Emil Hersh and Herbert Morse, both of Milwaukee, Wis., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

On September 30, 1929, bankrupt leased a building from appellant for a term of eighteen years at a rental of $15,500 per annum, in addition to which it agreed to pay the gas, electricity, heat bills, and taxes. Thereafter, bankrupt made a voluntary assignment to Oscar E. Schwemer of all of its assets, for the benefit of creditors, and said assignee, Schwemer, disaffirmed the lease.

Shortly thereafter, in December, 1931, an involuntary petition in bankruptcy was filed, and an adjudication in bankruptcy followed on January 4, 1932. Appellant filed a claim for $230,958.63, which was disallowed by the referee whose action was affirmed by the District Judge. Its claim (excluding items not passed upon by referee or the District Court) was based upon a breach of the lease contract. On the hearing before the referee, the parties stipulated that the reasonable rental of the premises for the balance of the term was $5,604 a year, and the annual taxes, estimated coal and insurance bills, and janitor's services were $2,000 per year.

Computing the loss on the basis of these figures, the total of $230,958.63 was reached.

Whether appellant can distinguish its claim from those considered in the cases cited below,[1] which hold that in states where the common law prevails a claim for damages for anticipatory breach of a lease of real estate is not provable in bankruptcy, depends upon the effect of the action taken by the assignee, before bankruptcy proceedings were begun, in disaffirming the lease or upon its ability, because of the provisions of the lease, to bring its case within the holding of William Filene's Sons Co. v. Weed et al., 245 U. S. 597, 38 S. Ct. 211, 62 L. Ed. 497, and Gardiner, Trustee, etc. v. Butler & Co. et al., 245 U. S. 603, 38 S. Ct. 214, 62 L. Ed. 505.

In Central Trust Co. of Illinois v. Chicago Auditorium Ass'n, 240 U. S. 589, 36 S. Ct. 412, 414, 60 L. Ed. 811, L. R. A. 1917B, 580, the court held that:

" * * * Where a party bound by an executory contract repudiates his obligations or disables himself from performing them before the time for performance, the promisee has the option to treat the contract as ended, so far as further performance is concerned, and maintain an action at once for the damages occasioned by such anticipatory breach."

As an exception to this rule, the court cites breaches of real estate leases by the tenant, saying:

" * * * Cases of the latter class are distinguishable, because of the 'diversity be-

---

[1] Wells v. Twenty-First Street Realty Co., 12 F.(2d) 237 (C. C. A. 6); Watson v. Merrill, 136 F. 359, 69 L. R. A. 719 (C. C. A. 8); In re Marshall's Garage, 63 F.(2d) 759 (C. C. A. 2); In re Roth & Appel, 181 F. 667, 31 L. R. A. (N. S.) 270; In re Service Appliance Co., Inc., 45 F.(2d) 884 (D. C. N. Y.); Id., 39 F.(2d) 632 (D. C. N. Y.); In re Blum Bros. Co., 55 F.(2d) 723 (D. C. Ohio); In re Schulte-United, Inc., 2 F. Supp. 285 (D. C. N. Y); In re Goldberg, 52 F. (2d) 156 (D. C. N. Y.); In re McAllister-Mohler, 46 F.(2d) 91 (D. C. Ohio).

tweene duties which touch the realty, and the meere personalty.' Co. Litt. 292, b, § 513."

In the present case the lease had been terminated by act of the lessee's representative prior to bankruptcy proceedings. Two provisions of the lease protected the landlord in case of a breach by lessee. They are:

"Nineteenth. It is covenanted and agreed that if said Tenant shall abandon said premises, Landlord is hereby authorized to go into possession of the same, advertise the same for rent and re-let the same in whole or in part for and on account of said Tenant, upon such terms as said Landlord may deem best, and to that end is hereby authorized, at its option and at the expense of Tenant, to clean, paper, repair, alter and subdivide the demised premises to suit tenants, and, after paying the reasonable expense of so doing and the expense of such reletting, apply the net proceeds thereof upon the rental and other charges herein reserved, the Tenant hereby agreeing to satisfy and pay any deficiency that may arise; or the Landlord may, at its option, at any time after the abandonment of said premises, and without prejudice to its rights to recover all rents then due or to become due, by a notice in writing terminate the within tenancy."

"Twenty-eighth. In the event Tenant shall be adjudicated bankrupt or insolvent according to law, or if any assignment shall be made for the benefit of creditors, Landlord may at Landlord's option terminate this lease and eject and remove from the premises the Tenant or any person or persons claiming under said Tenant or otherwise, and Tenant hereby agrees that in either of the events as herein set forth, all its right under said lease shall cease and terminate."

The only case which we have found that deals with the effect of such action is In re Mullings Clothing Co. (C. C. A.) 238 F. 58, 68 L. R. A. 1918A, 539, where it was held:

"We do not overlook the doctrine that a covenant to pay rent creates no debt until the time stipulated for the payment arrives, and therefore that rent accruing under a lease after the filing of a petition in bankruptcy against the lessee is not provable against his estate as a fixed liability absolutely owing at the time of the filing of the petition. Such a claim we have held to be contingent, and not provable in bankruptcy. That doctrine was applied by this court in Re Roth & Appel, 181 F. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270 (1910), and we have no doubt that it was correctly applied. But that doctrine is not at all relevant to the facts of this case. This is an action for breach of contract, occasioned by the steps taken to wind up and dissolve a corporation, which breach occurred prior to the bankruptcy. It has no analogy to a case of ordinary bankruptcy of an insolvent tenant. The filing of the petition in bankruptcy in such a case does not terminate the relation of landlord and tenant, but the tenant remains liable for the future rent as it accrues. It does not end the capacity of the tenant to engage in future business and to acquire other assets which can be reached by the lessee in subsequent proceedings for the payment of the rent which subsequently accrues. It does not involve an abandonment of the lease, and does not disable the tenant from afterwards performing its covenants."

In the instant case the breach occurred before the bankruptcy proceedings were begun. It is, therefore, not analogous to the ordinary bankruptcy case where an insolvent tenant is adjudged a bankrupt and the landlord presents a claim against the bankrupt estate for damages arising out of the breach which the adjudication in bankruptcy occasioned. Upon the breach of the lease by bankrupt's assignee in the case before us, a cause of action arose in favor of appellant. While such cause of action represents a claim which was not liquidated, it was nevertheless not a contingent claim. The mere fact that more than one remedy is given to one whose contract has been breached does not make the claim for damages, contingent.

Our conclusion is that prior to the commencement of the bankruptcy proceedings, there existed a valid claim for damages in favor of appellant, and, there being no evidence of collusion between said appellant and the lessee whereby appellant's claim was allowed to ripen into a provable claim in bankruptcy before the adjudication occurred, the claim presented was one provable against the estate of the bankrupt lessee.

The disposition of this question makes it unnecessary for us to consider the other issue.

In disposing of this appeal it is hardly necessary to add that we are merely passing upon the provability of appellant's claim. Its amount is left for determination by the referee. In other words, we do not intend to hold that the appellant's claim for damages arising out of the breach of the lease is the difference between a fair rental and the sum fixed in the lease multiplied by the number of years the lease has yet to run. Obviously, other factors must be considered, among

which is the present value of any damages arising some fifteen years in the future.

The judgment is reversed, and the cause remanded for further proceedings.