In re F. & W. GRAND 5–10–25 CENT STORES, Inc.

IRVING TRUST CO. v. POSSART et al.

POSSART et al. v. IRVING TRUST CO.

No. 285.

Circuit Court of Appeals, Second Circuit.
March 12, 1934.

Mitchell, Taylor, Capron & Marsh, of New York City (Carl Taylor, George S. Mittendorf, Ramsey Clayton, and William F. Hamilton, all of New York City, of counsel), for creditor claimants.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Frederick H. Wood and Joseph Day Lee, both of New York City, of counsel), for trustee in bankruptcy.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The creditor-claimants are owners of premises which they had leased to the bankrupt for a term of 30 years commencing May 1, 1931, at an annual rental of $32,000 payable in equal monthly installments in advance. Upon a petition filed July 14, 1932, their lessee was adjudicated a bankrupt. The lessors' proof of claim involves two distinct items. One is for loss of future rents in the sum of $117,144.24, being the difference (discounted) between the present rental value of the premises for the remainder of the term and the rent reserved in the lease for the same period; this the referee expunged, and his action the District Court affirmed. The other, in the sum of $23,000, is for the estimated cost of restoring the premises, which the lessee had altered, to their former condition; this the referee likewise expunged, but the court held it provable on the authority of In re Metropolitan Chain Stores, 66 F.(2d) 485 (C. C. A. 2). Accordingly this item was remitted to the referee for the taking of proof. From the first part of the court's order, the lessors appealed; from the second part, the trustee in bankruptcy.

The claim for loss of future rents is based upon a covenant in the lease which reads, so far as material, as follows:

" * * * If the Lessee shall abandon the premises, Lessee shall, nevertheless, con-

808

tinue liable for the payment of the rent and the performance of all other covenants and conditions herein contained. And Lessors shall have the right to take possession of, * * * and relet the premises for the account of Lessee, * * * and the Lessee shall be liable to Lessors for whatever deficiency remains. * * *"

It is contended by the lessors that the lessee did abandon the premises prior to the filing date of the bankruptcy petition. In March, 1932, equity receivers were appointed for the lessee in the Southern district of New York and shortly thereafter an ancillary equity receiver was appointed in the Southern district of California, within which the leased premises were located. The ancillary receiver occupied the premises and paid the stipulated rent up to June 23, 1932, when he moved out, after having notified the lessors that he would pay no more rent. The trustee in bankruptcy disputes the contention that these facts constituted an abandonment by the lessee prior to its bankruptcy, but, if we assume arguendo that they did, we cannot see how the lessors' claim is thereby aided. The provision that despite abandonment "the lessee shall continue liable for payment of the rent" cannot be construed as a covenant by the lessee forthwith to pay all rent reserved for the residue of the term; and, if it were, it would be an agreement for a penalty, and a claim based thereon would not be provable in bankruptcy. Kothe v. Taylor, 280 U. S. 224, 50 S. Ct. 142, 74 L. Ed. 382. Nor can it be construed as a covenant for liquidated damages to be paid on the event of abandonment, and as such controlled by our decision in the recent case of In re Outfitters Operating Realty Co., Inc., decided February 13, 1934, 69 F.(2d) 90. The provision that the lessors may take possession, relet for the lessee's account, and hold the lessee for any deficiency is not applicable, for it does not appear that they have taken possession and relet. Moreover, if it be assumed that they did so after the lessee's bankruptcy, it has now been authoritatively determined that a claim based on such a covenant of indemnity is not provable. Manhattan Properties, Inc., v. Irving Trust Co., February 5, 1934, — U. S. —, 54 S. Ct. 385, 389, 78 L. Ed. —.

This decision we think conclusive against the lessors' claim for damages for loss of future rents. They endeavor to escape from it by reason of the ancillary equity receivership. They urge that appointment of the receiver, or at least vacation of the prem-

ises by him, constituted a repudiation of the lease and a breach of its covenants antedating the lessee's bankruptcy, and on this theory they seek to support the provability of the claim upon the authority of In re National Credit Clothing Co., 66 F.(2d) 371 (C. C. A. 7), and In re Mullings Clothing Co., 238 F. 58, L. R. A. 1918A, 539 (C. C. A. 2). In the former, the lease was disaffirmed by the lessee's assignee for the benefit of creditors, and, on the theory that this terminated the lease and constituted a breach of contract antedating the petition in bankruptcy, the landlord was held to have a provable claim for damages for loss of future rents. The case was cited by the Supreme Court in its recent opinion in Manhattan Properties v. Irving Trust Co., — U. S. —, 54 S. Ct. 385, 78 L. Ed. —, but in a connection which indicates nothing as to approval of it. Nor can we assume approval from the fact that a petition for certiorari was denied on February 13, 1934, — U. S. —, 54 S. Ct. 453, 78 L. Ed. —. In the Mullings Case a contract for a lease to commence in futuro was repudiated before the corporate lessee's bankruptcy by the taking of steps to wind up and dissolve the corporation. The decision has been closely limited to its precise facts. In re Metropolitan Chain Stores, 66 F.(2d) 482, 484 (C. C. A. 2). In our opinion neither the Mullings Case nor the National Credit Case can survive the Manhattan Properties decision by the Supreme Court. But, however this may be, neither would control the case at bar. Here there was no termination, nor accepted repudiation, of the lease prior to the lessee's bankruptcy. On June 28, 1932, the lessors served upon the lessee notice of default in respect to taxes and rent, pursuant to a provision of the lease giving the lessors the right, at their option, to re-enter and terminate the lease should a default in the payment of money due the lessors continue for 30 days after written notice thereof was given to the lessee. Thus the lessors themselves recognized the lease as outstanding and the lessee as having the right to make good its defaults during the 30 days following such notice. Before this time expired bankruptcy occurred. Since the lease was not terminated prior to bankruptcy, the claim under consideration falls squarely within the principle that a landlord may not prove in bankruptcy for loss of rents payable in the future, where his claim is founded upon the tenant's covenant to pay rent, or a covenant to indemnify the landlord against loss of rents for the remainder of the term in the event that he re-enters after the tenant's

bankruptcy. Manhattan Properties Case, supra.

The claim for the cost of restoration is grounded on a provision which authorized the lessee to make alterations in the building on the leased premises so as to use it in conjunction with a building on an adjoining lot, "provided that upon the termination of this lease the Lessee will repair said demised premises so that the same will upon such termination, be one complete, fully equipped, independent building as now existing." As already shown, the lease was not terminated prior to the petition in bankruptcy. Hence at that critical date the implied covenant of the lessee to restore the premises to their former condition upon termination of the lease had not been broken. In the case of In re Metropolitan Chain Stores, Inc., 66 F.(2d) 485, this court held a claim based on a similar covenant to be provable on the theory that the filing of the petition in bankruptcy was an anticipatory breach of such covenant. We think this decision cannot stand in the light of the opinion in the Manhattan Properties Case. It is there said:

"There can be no debt provable in bankruptcy arising out of a contract which becomes effective only at the claimant's option and after the inception of the proceedings, the fulfillment of which is contingent on what may happen from month to month or up to the end of the original term."

Although the court was referring specifically to covenants of indemnity against loss of future rents, the principle announced seems equally applicable to the present case. The lessee's duty to restore will become absolute only upon termination of the lease, and this is contingent upon the lessors' election to re-enter in the event that existing money defaults are not made good by the lessee within thirty days after the written notice thereof. The lease also contained an article entitled "Damage and Destruction—Insurance" (not printed in the record), which may well have added further contingencies to the duty to restore. Consequently the claim in question was not provable and should have been expunged. McDonnell v. Woods, 298 F. 434 (C. C. A. 1).

That portion of the order from which the lessors appealed is affirmed, and that portion from which the trustee in bankruptcy appealed is reversed, with directions to expunge from the claim the item for the cost of restoration of the premises to their former condition.