### In re F. & W. GRAND 5–10–25 CENT STORES, Inc.

### URBAN PROPERTIES CO. v. IRVING TRUST CO.

### No. 113.

Circuit Court of Appeals, Second Circuit.
Jan. 7, 1935.

Gotthold & Gross, of New York City, and Livingston & Livingston, of San Francisco, Cal. (Arthur F. Gotthold, of New York City,

and Lawrence Livingston, of San Francisco, Cal., of counsel), for appellant.

Cravath, De Gersdorff, Swaine & Wood, of New York City (William D. Whitney, Carl W. Painter, and Frank H. Detweiler, all of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

The claimant appeals from an order of the District Judge affirming the order of a referee, expunging its claim for rent falling due after petition filed. The facts are as follows: In November, 1929, the claimant leased to the bankrupt a parcel of land in California, on which before August 1, 1932, it was to build a suitable store; if it did, the bankrupt on that day would enter for a term of twenty-five years, paying rent. The lessor reserved power to re-enter for failure to pay rent, but the lessee did not promise in that event to pay the difference between the rent reserved and the value for the residue of the term. The bankrupt fell on evil times and receivers were appointed for it on March 19, 1932, in the Southern district of New York, upon the customary sequestration bill; ancillary receivers following in California, who disaffirmed the lease. Thereafter on July 14, 1932, the lessee was adjudged bankrupt, and the question is whether a claim for future rent is good. The referee and the judge thought not, and the claimant appealed. It argues that there is a difference between this situation and that of a lease in which the lessee has taken possession and then goes bankrupt without any preliminary receivership, in which event it concedes, as indeed it must, that Manhattan Properties v. Irving Trust Co., 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824, would rule. Rather it says that, the breach being both before entry and before petition filed, the cause of action is fixed and the damages calculable. They are the sum of the future rents—discounted, we assume, to the date of the breach—less the then value of the term. This being a sum readily ascertainable, the claim is provable under § 63b, Bankr. Act (11 USCA § 103(b). They rely upon our decision in Re Mullings Clothing Co., 238 F. 58, and that of the Seventh circuit in Lloyd Investment Co. v. Schmidt, 66 F.(2d) 371, which followed it.

Since Central Trust Co. v. Chicago Auditorium Ass'n, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580, the bankruptcy of a debtor has been regarded as an anticipatory breach, resulting in a provable claim, on the theory that it comes into existence at the very instant of bankruptcy. Maynard v. Elliott, 283 U. S. 273, 51 S. Ct. 390, 75 L. Ed. 1028, carried this further by holding that contingent claims might be proved, if not too contingent either in amount or in obligation. That would have paved the way for proof of claims for any future rent, or for the breach of a covenant to pay the difference between the future rents and the present value of the term. The ratio decidendi of In re Roth & Appel, 181 F. 667, 31 L. R. A. (N. S.) 270 (C. C. A. 2), was discredited and the decision might have fallen too. But the Supreme Court in Manhattan Properties v. Irving Trust Co., 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824, said no; they thought that the long course of bankruptcy legislation showed that rents were meant to stand apart, and were not provable even under statutes which allowed contingent claims generally. That doctrine does indeed have limits (Irving Trust Co. v. A. W. Perry, Inc., 293 U. S. 307, 55 S. Ct. 150, 79 L. Ed. ——), but we are to take it that rents which are conditional upon the endurance of the term are not provable, because they may never become payable; the lessor may re-enter.

In Re Mullings Clothing Co., 238 F. 58, we held a claim provable in bankruptcy in circumstances substantially like those at bar. The bankrupt lessee had not entered under the new lease, though it was in under an existing lease. Its directors—it was a company—voted to dissolve it and had a receiver appointed in dissolution who disaffirmed the lease before entry or petition filed. We cannot distinguish the two situations and this order must be reversed or that decision overruled. Although it was decided some six months after Central Trust Co. v. Chicago Auditorium Ass'n, supra, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580, the opinion did not mention that decision and the court was apparently unaware of it. True, it did discuss generally the doctrine of anticipatory breach, but without specific reference to a petition in bankruptcy; being concerned only with the appointment of the receiver on dissolution. It distinguished In re Roth & Appel, supra, 181 F. 667, 31 L. R. A. (N. S.) 270, because section 63b, 11 USCA § 103 (b), did not cover contingent claims, which we now know to be untrue; but aside from that it is really impossible to see what uncertainties infested the claim in Re Roth & Appel that were absent in Re Mullings

Clothing Co. The fact that there was an existing cause of action makes no difference, once one admits that bankruptcy creates an anticipatory breach on which a provable claim may be filed. It can be of no consequence how wide the span is between breach and bankruptcy, whether ten days or more, or a merely imaginary duration. Rent claims of all sorts are refused recognition merely because they are rent claims, and there is no more to be said about it, except that if wholly free from all uncertainty they are sometimes provable.

Nor is it important that the lessee may not have entered at petition filed. It is true that in that case he also breaks the implied promise to enter, but no damages flow from that; damages arise only from the failure to pay the rent as it falls due, and, while the ancient law did indeed recognize a difference between rent and a promise to pay rent, it is a barren distinction now. But a lessee promises once for all to pay the future rents when he signs the lease; and he commits an anticipatory breach of that promise when a receiver is appointed or bankruptcy occurs, whether or not he has entered. The difficulty in neither case is that a cause of action has not accrued, but that the amount of the recovery is uncertain; and that uncertainty is as great when the lessee has not entered, as when he has; perhaps more. Nobody can tell in either case how long the term would have lasted or how many installments would ever have become due. True, that uncertainty is no greater than the law has met and answered in other situations, but the doctrine is based in history, not logic.

We have three times before indicated that In re Mullings Clothing Co., supra, 238 F. 58, had become of doubtful authority. Jones Co. v. Winchester Repeating Arms Co. (C. C. A.) 61 F.(2d) 774, 776; Malavazos v. Irving Trust Co. (C. C. A.) 66 F.(2d) 483, 484; Possart v. Irving Trust Co. (C. C. A.) 69 F.(2d) 807, 808. In the last of these we said that we did not see how it could survive Manhattan Properties v. Irving Trust Co., supra, 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824; but we have never before been faced with the choice of following or overruling it. Although Lloyd Investment Co. v. Schmidt, supra, 66 F.(2d) 371, followed it, that was before Manhattan Properties v. Irving Trust Company. Perhaps the Supreme Court will feel obliged to consider the difference of opinion between ourselves at present and the Seventh circuit, but until it decides otherwise we definitively overrule In re Mullings Clothing Co.

Order affirmed.

MANTON, Circuit Judge (dissenting).

November 9, 1929, appellant, as lessor, and the bankrupt, as lessee, entered into an agreement to lease certain premises in Los Angeles, Cal., for twenty-five years from August 1, 1932, or from the date of the completion of a new building, which the appellant agreed to construct for the use of the bankrupt. The rent was on a rising scale to be paid in monthly installments. Before the term of the lease commenced and before the building was constructed, in March, 1932, receivers in equity were appointed for the bankrupt with ancillary receivers in California, and, on May 21, 1932, prior to the commencement of the term of the lease and the construction of the building, the ancillary receivers in California disaffirmed the lease, advising the appellant accordingly. This was a breach before the term commenced and before there was any privity of estate between the appellant and the bankrupt. Bankruptcy followed July 14, 1932. The reasonable rental value of the property with the proposed building thereon was fixed at $102,500, whereas the rent reserved in the lease for the entire term was $215,000. The appellant made claim for the difference, $112,500. This appeal is from an order disallowing the claim.

In Central Trust Co. v. Chicago Auditorium Ass'n, 240 U. S. 581, 36 S. Ct. 412, 415, 60 L. Ed. 811, L. R. A. 1917B, 580, the court held that bankruptcy may constitute an anticipatory breach of an executory agreement, and the court made reference to In re Roth & Appel, 181 F. 667, 669, 31 L. R. A. (N. S.) 270 (C. C. A. 2), indicating that claims for future rents after a breach caused by bankruptcy, would not be allowed against the bankrupt estate. This has long been considered an exception based upon Lord Coke's dictum as to the "diversity between duties which touch the realty, and the mere personalty." In the Chicago Auditorium Ass'n Case, supra, the court announced that "Proceedings, whether voluntary or involuntary, resulting in an adjudication of bankruptcy, are the equivalent of an anticipatory breach of an executory agreement." In Re Roth & Appel, supra, a petition in bankruptcy was filed prior to the time the term commenced, though adjudication was subsequent thereto. A claim by the lessor for the future rents was held not provable in bank-

ruptcy. The reason given therefor was that "rent is a sum stipulated to be paid for the use and enjoyment of land. The occupation of the land is the consideration for the rent. If the right to occupy terminate, the obligation to pay ceases. Consequently, a covenant to pay rent creates no debt until the time stipulated for the payment arrives. The lessee may be evicted by title paramount or by acts of the lessor. The destruction or disrepair of the premises may, according to certain statutory provisions, justify the lessee in abandoning them. The lessee may quit the premises with the lessor's consent. The lessee may assign his term with the approval of the lessor, so as to relieve himself from further obligation upon the lease. In all these cases the lessee is discharged from his covenant to pay rent. The time for payment never arrives. The rent never becomes due."

At that time, this court was of the opinion that section 63a(1) of the Bankruptcy Act, 11 USCA § 103(a)(1), must be read with section 63a(4), 11 USCA § 103(a)(4), so that, even though a claim was founded on a contract, it could not be proved if it were not a "fixed liability * * * absolutely owing at the time of the filing of the petition." But this was overruled in Maynard v. Elliott, 283 U. S. 273, 51 S. Ct. 390, 75 L. Ed. 1028, where it was held sufficient if the claim could be included within section 63a (4). But the Maynard Case did not withdraw the approval previously given to the holding as to future rents as decided in Re Roth & Appel, supra. Manhattan Properties v. Irving Trust Co., 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824.

But nowhere does it appear that the Supreme Court has ruled that claims otherwise arising from leases, as such, were nonprovable in bankruptcy, and the contrary is to be inferred from Irving Trust Co. v. A. W. Perry (In re Outfitters Operating Realty Co.), 293 U. S. 307, 55 S. Ct. 150, 79 L. Ed. ——. In Re Mullings Clothing Co., 238 F. 58 (C. C. A. 2), expressly overruled by the prevailing opinion, this court properly limited its prior decision in Re Roth & Appel, supra. There, as in the instant case, there was a repudiation of the lease prior both to the bankruptcy and to the time the term of the lease was to begin. There, as here, it was not necessary to find the bankruptcy of the lessee an anticipatory breach of the lease since there had been a repudiation prior to bankruptcy. There the court followed Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953, which held that, where a con-

tract is renounced before performance is due, and the renunciation is in unequivocal terms, the injured party may bring his action at once for a complete breach. Therefore it appears that a repudiation by the receiver amounts to an anticipatory breach and the lessor's right to damages accrues at that time. In Re Mullings Clothing Co., supra, we distinguished the In re Roth & Appel Case upon the basis that the action was for breach of contract prior to the bankruptcy.

This court has had occasion to consider other cases where the doctrine of nonprovability of future rents was urged. In Re Marshall's Garage, 63 F.(2d) 759 (C. C. A. 2), there was a breach, by the lessee, of a covenant to purchase the property in installments. We held that the contract to purchase and the contract to pay rent were divisible and as such the contract of purchase could be considered anticipatorily breached by the bankruptcy although the contract to pay rent could not. In Re Metropolitan Chain Stores (C. C. A.) 66 F.(2d) 485, a breach of a covenant by the bankrupt lessee to restore the premises to their original condition was before the court, and we there held that such a covenant was independent of the covenant to pay rent and that the bankruptcy constituted an anticipatory breach and the claim would be allowed. Subsequently the Supreme Court decided Manhattan Properties v. Irving Trust Co., 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824. There the facts were similar to In re Roth & Appel, and other cases supporting the doctrine of the nonprovability of claims for future rents where bankruptcy caused the breach. The bankruptcy occurred during the term of the lease, and the Supreme Court held that, in view of the great weight of judicial authority and the legislative history, the claim for rent was not provable. It did not refer to situations other than, and which courts have considered distinguishable from, the one before it. But the majority of this court, as now constituted, have extended the decision of the Supreme Court so as to cover a class of cases to which not only did the Supreme Court not refer, but which had previously been distinguished from, and differently decided than, the case before the Supreme Court. In Possart v. Irving Trust Co. (C. C. A.) 69 F.(2d) 807, the facts were substantially identical with those in Re Metropolitan Chain Stores, supra, but, as there pointed out, substantially different from the facts of the Manhattan Properties v. Irving Trust Co., supra. Plainly, neither In re

Metropolitan Chain Stores, supra, nor In re Mullings Clothing Co., supra, were overruled by Manhattan Properties v. Irving Trust Co., supra.

No authoritative decision prohibits the proof of a claim such as is now before this court. Two cases definitely permit its allowance. In re Mullings Clothing Co., supra, and In re National Credit Clothing Co., 66 F. (2d) 371, 372 (C. C. A. 7). In National Credit Clothing Co. Case, the Seventh Circuit Court of Appeals followed In re Mullings Clothing Co., saying:

"In the instant case the breach occurred before the bankruptcy proceedings were begun. It is, therefore, not analogous to the ordinary bankruptcy case where an insolvent tenant is adjudged a bankrupt and the landlord presents a claim against the bankrupt estate for damages arising out of the breach which the adjudication in bankruptcy occasioned. Upon the breach of the lease by bankrupt's assignee in the case before us, a cause of action arose in favor of appellant. * * * Our conclusion is that prior to the commencement of the bankruptcy proceedings, there existed a valid claim for damages in favor of appellant, and * * * the claim presented was one provable against the estate of the bankrupt lessee."

The distinction there drawn between the type of case represented by Manhattan Properties v. Irving Trust Co., supra, and the case now before the court, is sound. As said by this court (Manton, A. N. Hand, and Chase, JJ.), A. N. Hand, C. J., writing, in Matter of F. & W. Grand 5-10-25 Cent Stores, Inc., 74 F.(2d) 45, decided December 3, 1934:

"It is true that the bankruptcy of the tenant is an anticipatory breach, but a claim for a breach of a covenant to improve demised premises *except so far as damages accrued prior to bankruptcy* is of the nature of claims for future rents * * * which have been held nonprovable."

There we recognized that, if the breach occurs prior to bankruptcy, damages have accrued, and the contingency which ordinarily exists in the future rent cases is no longer present.

The prevailing opinion says that "rents which are conditional upon the endurance of the term are not provable, because they may never become payable."

But can it be said that the lessee's obligation to pay damages as a consequence of his repudiation (which is what the lessor seeks) is here conditioned upon the "endurance of the term"? Certainly not. At the moment of his unequivocal repudiation of the lease, the lessee's liability to damages was unconditional. As often said, when refusing to allow rent claims to be proved, it is not so much the uncertainty in the amount of damages as it is the uncertainty that the lessee would ever incur full liability. Such contingency is not present here. The liability of the lessee became unconditional and certain at the date of his repudiation, and hence must have been so at the date of the subsequent bankruptcy. The prevailing opinion also says: "It is really impossible to see what uncertainties infested the claim in Re Roth & Appel that were absent in Re Mullings Clothing Co."

In Re Roth & Appel, supra, uncertainties are pointed out which forbade proving the claim. The court there found that "if the right to occupy terminate, the obligation to pay ceases." In the instant case, the lessee repudiated his right to occupy so that we need not be concerned with the uncertainty of the termination of his right. By repudiation of his right to occupy, he did not and could not release himself from the obligation to pay. And "a covenant to pay rent creates no debt until the time stipulated for the payment arrives." But, of course, under the doctrine of Roehm v. Horst, supra, where a contract is repudiated before performance, the injured party need not wait until the time set for performance arrives in order to sue, but a repudiation of a covenant to pay rent creates a debt at the time of the repudiation. It was also said that the lessee might be evicted by the lessor or others. Here, however, the lessee could not be evicted under *this* lease because by his repudiation the lease was terminated. The court also found that the destruction or disrepair of the property might justify the lessee in abandoning it. But by his repudiation, in this case, the lessee subjected himself to liability whether the premises were destroyed or not. The court also said that the lessee might quit the premises with the lessor's consent. Such could never have occurred here since, in view of his repudiation, even his right to enter the premises ended. The court also found that the lessee might assign his term with the consent of the lessor, but, in the instant case, the lessee by his repudiation left himself without the term to assign. Consequently none of the uncertainties which the court in Re Roth & Appel, supra, found a bar to provability exist in the instant case. An outright repudiation of the entire lease is an anticipatory breach.

The prevailing opinion states that "rent claims of all sorts are refused recognition merely because they are rent claims."

This is a new doctrine. It is not one of the reasons advanced in Re Roth & Appel, supra, or Manhattan Properties v. Irving Trust Co., supra.

The claim here presented is founded upon a contract which at the time of the bankruptcy was fixed in amount or susceptible of liquidation (Maynard v. Elliott, 283 U. S. 273, 51 S. Ct. 390, 75 L. Ed. 1028), and is provable under section 63a(4) of the Bankruptcy Act (11 USCA § 103(a)(4). Indeed, we are not concerned with whether the bankruptcy of the lessee constituted an anticipatory breach of the contract to lease. This contract had already been totally breached prior to the date of the bankruptcy by repudiation thereof. By this repudiation, the entire contract was turned into a right of action for damages. Williston on Contracts, § 1290. It is this right of action and its consequent damages which are presented, and which should be allowed.

The order should be reversed.